[No. 6,617.—Department No. 1.]

## BALL ET AL. *v.* KENFIELD.

OFFICER — SALARY.— The Act of April 1st, 1876, for the appointment of a State Land Commission, provides that the officers therein named "shall hold their office for the period of three years *from and after appointment by the Governor*," and that they shall, " within thirty days after their appointment," meet and qualify. *Held*, that the Commissioners were entitled to salary from the date of their *appointment*.

PETITION for writ of mandamus, to W. B. Brown, late Controller, for whom D. M. Kenfield, the present Controller, has been substituted.

The facts are stated in the opinion.

*H. F. Crane*, for the Plaintiff.

*Jo. Hamilton* and *Attorney-General*, for the Defendant.

McKINSTRY, J.:

The Act of April 1st, 1876, (Stat. 1875-6, p. 798) provides that within sixty days after its passage, the Governor shall appoint three suitable persons, etc., " who shall hold office for the period of three years from and after their *appointment* BY *the* Governor." The section requires that the Commissioners shall, " within thirty days *after* their appointment," meet, take an oath in writing faithfully to perform their duties, organize, and proceed to investigate, etc. The eighth section provides that each of the members of the commission shall be paid a salary of $200 per month.

Each of the members of the board received a commission from the Governor, May 29th, 1876, and on the 27th of June, following, the board met, qualified, and organized. They have been paid their salaries for eleven months, and the question here is whether they are entitled to their salaries for the month of June, 1876.

We see no difficulty in construing the provisions of the act according to the terms employed. The term of office commenced from the "appointment by the Governor," and that the qualification of the Commissioners was not intended to be included in the word " appointment," is apparent from the wording of the second section, which provides that the qualification shall take place after the appointment. Doubtless the Commissioners were not authorized to proceed with the investigations committed to their charge until they had qualified. But they were obliged, by the language of the act, to qualify within thirty days after their appointment, and their failure to qualify would have operated a vacation of their appointment; but when they did qualify, they became entitled to their salary from the date of the Governor's appointment. From the date of that appointment, the appointees were in office or they were not. The statute *says* that their office commenced with the appointment, and further, that their qualification was a different and subsequent thing from their appointment. The case would be different if the law in terms required them to take the oath before their term should commence. We are quite convinced that petitioners were "holding the office" from the date of the Governor's appointment. This would not sometimes be the case. As was said by Field, J. (*People* v. *Whitman*, 10 Cal. 47): " To the complete investiture of an office, the acts of the appointing power and of the person appointed, must, *in some instances*, concur. The appointment is complete when the commission is signed by the President, but it is competent for Congress to require the performance of certain acts by the appointee, such as the execution of security, the taking of an oath of office, and the like, before he can enter into possession of the office. *This has been done* in relation to the office of Surveyor-General. The performance of the acts are conditions precedent to the holding of the office. (*United States* v. *Le Baron*, 19 How. 73.)

It is also competent for the Legislature to make the taking of the oath of office, etc., a condition subsequent, and to provide, as in the case before us, that the appointees should hold the office from the date of the appointment, subject to the condition that if they failed to qualify, or perform some other act, the appointment should go for naught.

By this reasoning the State loses nothing, since the term of office was twelve months, and if the term did not commence until one month after the appointment, the Commissioners are entitled to a salary for the month of July, 1877. They are entitled to be paid for twelve months—they have been paid but for eleven.

Let the writ issue as prayed for.

ROSS, J., and McKEE, J., concurred.