[No. 7,317.—In Bank.]

## PEOPLE, at the Relation of Showers, *v.* P. B. TAYLOR.

CONSTRUCTION OF STATUTE—OFFICE—VACANCY.—Under § 996 of the Political Code, an office becomes vacant when the person elected thereto does not qualify at all, and fails to file his official oath or bond within the time prescribed.

ID.—INCUMBENT—DEFINITION.—Such person is an incumbent within the meaning of said section.

APPEAL from a judgment for the defendant, and an order denying a new trial, in the Superior Court of Mono County. BRIGGS, J.

*P. Reddy, Charles R. Barry,* and *P. W. Bennett,* for Appellant.

*A. L. Hart,* Attorney-General, and *T. A. Stephens,* for Respondent.

SHARPSTEIN, J.:

At the annual election held in September, 1877, one Robert Patterson was elected sheriff of Mono County for the term of two years, from the first Monday of March, 1878. He duly qualified and entered upon the duties of the office, which he continued to discharge until the 29th day of August, 1878, when he died; and on the 5th of September, 1878, the Board of Supervisors of said county duly appointed the appellant herein sheriff of said county, who duly qualified and entered upon the discharge of the duties of said office, which he still continues to hold.

On the 3rd day of September, 1879, the relator Showers was duly elected sheriff of said county, and a certificate thereof was duly issued to him on or about the 20th day of September, 1879. Before the first Monday of March, 1880, he filed his oath of office and official bond. Neither said oath or bond was filed within ten days after he received notice of his election, the time prescribed by law for filing them. On the 4th of March, 1880, the Board of Supervisors, deeming said office vacant, appointed Showers, the relator, to fill said vacancy; and within ten days after receiving notice thereof, he duly qualified by filing the oath of office and his official bond, and demanded of appellant to be let into the possession of the office under said appointment, and appellant refused to comply with said demand. Whereupon the Attorney-General, upon the relation of Showers, brought an action against the appellant to have him ousted from, and the relator admitted into, said office. Judgment was rendered against the appellant, and in favor of the respondent, and from that judgment this appeal was taken.

The arguments of counsel have been mainly upon the question whether, in contemplation of law, a vacancy existed in the office at the time when the respondent claims that he was appointed by the Board of Supervisors.

It is urged, on behalf of the appellant, that he was appointed to hold the office during the unexpired term of his predecessor, and until his successor was duly elected and qualified; and that the failure of the person duly elected to qualify did not create a vacancy in the office. It is conceded that the relator, by reason of his failure to file his oath of office and official bond within ten days after receiving notice of his election, is not, by virtue of said election, entitled to the office. (Pol. Code, §§ 907, 947, 996.) The decision of this case, therefore, hinges upon the question of the validity of the appointment of the relator by the Board of Supervisors, and the validity of that appointment depends upon there being a vacancy in the office when it was made.

" An office becomes vacant on the happening of either of the following events before the expiration of the term:

" 1. The death of the incumbent.

\*          \*          \*          \*          \*

" 9. His refusal or neglect to file his official oath or bond within the time prescribed." (Pol. Code, § 996.)

The relator was duly elected, and neglected to file his official oath or bond within the time prescribed; and that event happened before the expiration of the term for which he was elected. Did not the office thereupon become vacant ? It is claimed that it did not, because the relator was not, at the time of his refusal or neglect to file his official oath and bond, the incumbent of the office. But it seems to us that such a construction would render the provision nugatory. No one can become an incumbent of the office of sheriff until after he has filed his official oath and bond. The refusal or neglect to file an official oath or bond must always precede, and can never succeed, the incumbency. So that if the construction contended for by the appellant be the correct one, no vacancy in the office of sheriff can ever occur by reason of the refusal or neglect of the person duly elected to the office to file his official oath or bond. It is the duty of the Court to give to this provision the force and effect which it was intended by the Legislature that it should have, if such intention can be ascertained; and we think that, without doing violence to the language of the statute, we may construe it to mean that the refusal or neglect of a person duly elected to an office to file his official oath or bond within the time prescribed by law creates a vacancy as soon as the term for which he is elected commences, which may be filled by the proper appointing power. In other words, that this provision of the Code regards the person duly elected to an office as the incumbent of that office from the time of the commencement of the term for which he was elected until the expiration thereof, whether he qualifies or not. We are therefore of the opinion that the relator was, within the meaning of the Code which defines a vacancy in office, an incumbent of the office of sheriff of Mono County from the time of the commencement of the term for which he was elected until the expiration thereof, although by reason of his refusal or neglect to file his official oath and bond within the time prescribed by law he was not entitled to the possession of the office by virtue of that election.

If there was a vacancy, the Board of Supervisors had the power to fill it by appointment; and that board having ap-

pointed the relator, and he having duly qualified, was from the date of said qualification entitled to the possession of the office until his successor should be duly elected and qualified.

Judgment and order denying a new trial affirmed.

Myrick, J., Thornton, J., and McKee, J., concurred.