"A discharge granted by a State court of insolvency is no bar to the claim of a non-resident creditor (citizen of another State), who does not take part in the insolvency proceedings, or submit himself in any way to the jurisdiction of the insolvency tribunal; nor is the rule affected by the place where the contract is made, or is to be performed, or the *forum* in which it is sought to be enforced."

We are of opinion that we should adopt and enforce the doctrine of *Baldwin* v. *Hale*. In *Thomas* v. *Crow*, 65 Cal. 470, this court recognized the rule there laid down, but held that the defendant was discharged of the particular debt, represented by the promissory note sued on by an indorsee, because the discharge occurred when the note was the property of the payee, who was a citizen of this State, the note having been made and being payable here.

Judgment and order reversed.

McKEE, J., and ROSS, J., concurred.

---

[No. 8848.    Department One.—May 6, 1885.]
THE PEOPLE EX REL. W. V. McGARVEY, APPELLANT,
*v.* U. HARTWELL, RESPONDENT.

PUBLIC OFFICE—VACANCY BY NON-USER—VOLUNTARY SURRENDER BY INCUM-BENT.—A public office becomes vacant by non-user, and subject to be filled by the appointing power, when the lawful incumbent voluntarily surrenders the office to another under the mistaken belief that the latter had been elected as, and was his rightful successor, and acting upon such belief for a period of two years ceases to discharge the duties of the office, and makes no demand of the person to whom he had surrendered it to be restored thereto.

APPEAL from a judgment of the Superior Court of Monterey County.

The facts are stated in the opinion of the court.

*A. L. Hart, N. A. Dorn*, and *W. M. R. Parker*, for Appellant.

The office of tax collector has never been vacant. An office is not vacant where there is a *de facto* incumbent.

Defendant has always, since the relator gave him the office, been the *de facto* tax collector, and the most that can be said is that the relator has allowed another person to perform the duties of his office.

*D. M. Delmas*, *W. H. Webb*, and *James A. Wall*, for Respondent.

McKEE, J.—Under the provisions of chapter 5, title 10, of the Code of Civil Procedure, this action was commenced to oust defendant from the office of tax collector of Monterey County, and reinstate the relator. The court by its judgment ousted the defendant, but refused to reinstate the relator; and from so much of the judgment as denied the right of the plaintiff to the office, the relator as well as the people appeal.

The judgment was rendered upon a finding of facts which shows that the relator was the duly qualified tax collector of Monterey County from March, 1878, until the first Monday of March, 1880, during which time he continued to discharge the duties of the office. But on the last-named day he voluntarily surrendered the office to the defendant upon the mistaken belief that the defendant, who had been elected, at the general election of 1879, treasurer of Monterey County, was *ex-officio* tax collector of the county, and his rightful successor in office. Upon that belief he acted for two years, during all which time he ceased to discharge the duties of the office, and made no demand of the defendant, to whom he had surrendered it, to be restored thereto.

Public office is held upon the implied condition of diligently and faithfully executing the duties belonging to it; and a wilful refusal to perform the duties works a forfeiture. (*King v. Rook*, 2 Raym. Ld. 237; *Rex. v. Wells*, 4 Burr. 2004.) By the surrender and non-user of the office for a period of two years relator therefore forfeited his right to it. The office became vacant. Section 996 of the Political Code provides:—

"An office becomes vacant . . . . by the incumbent's ceasing to discharge the duties of his office for the period of three consecutive months, except when prevented by sickness, or when absent from the State by permission of the legislature."

And being vacant, it was subject to be filled by the appointing power. (Section 4115, Pol. Code.)

Judgment affirmed.

McKINSTRY, J., and Ross, J., concurred.

---

[No. 8630. Department One. — May 6, 1885.]

P. B. GALLAGHER, RESPONDENT, v. MARKET STREET RAILWAY COMPANY OF SAN FRANCISCO, APPELLANT.

EVIDENCE—MEDICAL WORKS.—In an action to recover damages for personal injuries, a medical book, although proved to be of standard authority, is not admissible in evidence to prove the nature and probable effect of the injuries.

ID.—The books to which a medical expert refers cannot be resorted to in order to support his testimony, but they may be used to contradict or discredit him.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*McAllister & Bergin,* for Appellant.

*G. D. Buckley,* for Respondent.

McKEE, J. — This was an action to recover damages for personal injuries caused by the wrongful expulsion of the plaintiff, by an officer of the defendant, from one of its street cars. On the trial of the questions at issue in the case J. M. Sharkie was called and sworn as a witness on behalf of the plaintiff, and testified that he was a physician and surgeon by profession, and had been in practice since 1849. Thereupon a book, entitled, "A System of Surgery, Pathological, Diagnostic, Therapeutic and Operative," by Samuel D. Gross, published in Philadelphia, was exhibited to the witness, and he was asked:—

"Are you acquainted, sir, with 'Gross on Surgery?'" In response to which the witness answered:—

"Yes; it is recognized as a standard work on surgery . . . ."