[L. A. No. 98.   Department Two.—February 20, 1896.]

### J. W. LORBEER, RESPONDENT, *v.* E. H. HUTCHIN-SON ET AL., APPELLANTS.

MUNICIPAL CORPORATIONS—APPOINTMENT OF CITY MARSHAL—CERTIORARI—NONJUDICIAL ACTION—The appointment of a city marshal by a city council to fill a vacancy is not a judicial act, and cannot be reviewed by *certiorari.*

ID.—DECLARING VACANCY — FAILURE TO QUALIFY — JUDICIAL INQUIRY — POWER OF CITY COUNCIL.—A city council has no power to remove a city marshal, or by any judicial inquiry to declare a vacancy; but if he fails to qualify such failure *ipso facto* creates a vacancy, and on being informed of the fact the board can fill the vacancy without declaring it; and so declaring as part of the order appointing a successor does not indicate a judicial inquiry and determination, reviewable by *certiorari.*

APPEAL from a judgment of the Superior Court of
the city of Los Angeles.   J. W. McKINLEY, Judge.

The facts are stated in the opinion of the court.

*Edwin A. Meserve* and *C. E. Sumner,* for Appellants.

Unless otherwise expressly provided by statute every
officer (including those of cities), must file his bond be-
fore he enters upon the discharge of his duties, within
ten days after receiving notice of his election. (Pol.
Code, secs. 904, 907, 947; Municipal Government Act,
sec. 753.)   An excuse cannot relieve him from the pen-
alty of a forfeiture. (*People* v. *Shorb,* 100 Cal. 537; 38
Am. St. Rep. 310.)   The general law as to the time when
a bond shall be filed controls. (*Pasadena* v. *Stimson,* 91
Cal. 238.)   If respondent allowed the time to go by

within which he should have executed his official bond, without having done so, his office *ipso facto* became vacant. (Pol. Code, sec. 996; *People* v. *Taylor*, 57 Cal. 620; *People* v. *Shorb, supra*. And if vacant the appointing power (the board of trustees) had a right to fill the same without any other notice or other action. (*People* v. *Shorb, supra*.)

*Tonner & Fleming*, and *A. W. Hutton*, for Respondent.

Temple, J.—This appeal is from a judgment of the superior court of Los Angeles county in a proceeding by *certiorari* to set aside and annul the action of the board of trustees of the city of Pomona declaring vacant the office of city marshal on the eighteenth day of June, 1895, and in electing and appointing to the vacancy Thomas B. Atkinson.

The writ may be issued when an inferior tribunal, board, or officer exercising judicial functions, has exceeded the jurisdiction of such tribunal, board, or officer (Code Civ. Proc., sec. 1058); and the review cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer. (Code Civ. Proc., sec. 1074.)

The appointment of a city marshal by the council of Pomona was not a judicial act and cannot be reviewed by *certiorari*. (*People* v. *Bush*, 40 Cal. 344.)

If Lorbeer was lawfully in office, the trustees could not by declaring the office vacant deprive him of his office. They have *no* power to remove from office, or by any judicial inquiry to declare a vacancy. If Lorbeer failed to qualify the office was vacant, and the trustees on being informed of the fact could appoint some one else to fill the office. They get such information just as the governor and other executive officers obtain similar information. The failure to qualify —if he did so fail—*ipso facto* created a vacancy. (*People* v. *Shorb*, 100 Cal. 537; 38 Am. St. Rep. 310.) In

CXI. Cal.— 18

such case the board could fill the vacancy without de-
claring the vacancy. So declaring was a part of the
order appointing, and does not indicate a judicial in-
quiry and determination.

The superior court, therefore, erroneously issued the
writ, and its judgment vacating and setting aside the
order of the trustees of Pomona was without jurisdic-
tion and void.

The judgment is reversed and the court directed to
dismiss the proceeding.

McFARLAND, J., and HENSHAW, J. concurred.