## THOMAS DEVER V. I. M. PLATT.

### No. 16,478.

OFFICE AND OFFICERS—*Veterans' Preference Law—Good Faith of Appointing Officer.* In a proceeding to contest the refusal to appoint an old soldier to an office the evidence was held not to show bad faith on the part of the appointing officer.

Original proceeding in quo warranto. Opinion filed November 6, 1909. Judgment for the defendant.

*Thomas Dever, pro se.*

*Robert Stone,* and *I. M. Platt,* for the defendant.

*Per Curiam:* The legal questions upon which this case must be determined are settled in *The State v. Addison,* 76 Kan. 699, and *Ray v. Miller,* 78 Kan. 843. To entitle the plaintiff to recover it was necessary for him to show that under chapter 374 of the Laws of 1907 the appointment of Platt as city attorney was in violation of law and void. The mayor who made the appointment was called as a witness, and it appears from all the testimony that he had no occasion to make any investigation as to the qualifications of the plaintiff for the position, as the plaintiff had acted as city attorney under the same mayor for more than two years. The mayor, without any reflection upon the honesty, good reputation or legal attainments of the plaintiff, assigned substantially two reasons for refusing to reappoint him to the office: First, that owing to temperamental peculiarities or infirmities he was unable to coöperate with other officers of the city in the efficient administration of the affairs of the city; second, that a physical defect rendered him incompetent to discharge the duties of the office. He cited numerous instances and illustrations to justify both of these conclusions. He also testified that there was no personal feeling or enmity on his part against the plaintiff, but

that in appointing the defendant he acted solely in the interest of good service in the city administration.

If the plaintiff was competent within the meaning of the law to discharge efficiently the duties of the office in the judgment of the mayor after he had fairly considered the matter, he was entitled to the appointment, and the appointment of the defendant was made in violation of law; otherwise, the appointment of the defendant was valid, and the plaintiff can not recover in this action. In *The State v. Addison,* supra, it was held in the syllabus:

"An applicant for appointment under such law [the veterans' preference law], to be competent, must possess the qualifications which are essential to the prompt, efficient and honest performance of the duties pertaining to the office for which application is made."

In the opinion it was said:

" 'Competent,' when used to indicate the qualifications which a public officer should possess, must necessarily include every qualification essential to the prompt, efficient and honest performance of the duties pertaining to the office to be filled. A law which means less than this can not stand. The maintenance of an efficient public service in all the departments of the government is a matter of paramount importance. Desirable as it may be to confer special public favors upon the rapidly disappearing patriots of this state, it can not be done at a sacrifice of the public welfare." (Page 707.)

In *Ray v. Miller,* supra, the syllabus reads:

"Charges of fraud, bad faith and disregard of law in denying an application for appointment to an office under the veterans' preference law must be proved by evidence of facts which are inconsistent with official probity. The inquiry starts with the presumption that public officers do their duty, that they act fairly, from good motives, and with the purpose and intention of obeying the law. Suspicion, surmise, insinuation and innuendo are not enough to overthrow this presumption."

From an examination of all the evidence we conclude

that the appointment as made by the mayor was made in good faith and after a fair consideration of the qualifications of the plaintiff for the position. Although the plaintiff has long practiced in this court, and his great diligence and learning in the law are well recognized, we can not, after considering all the evidence in this case, discredit the action of the mayor or hold the appointment made by him null and void.

Judgment in favor of the defendant.