STATE ex rel. DOWEN, Relator, *v.* DISTRICT COURT
ET AL., Respondents.

(No. 3,615.)

(Submitted January 21, 1915. Decided February 1, 1915.]

[146 Pac. 467.]

*District Judges—County Commissioners—Filling Vacancy in*
*Board—Ministerial Duty—Certiorari.*

1. The power to fill a vacancy in the office of county commissioner residing in the district judge of the district in which the vacancy occurs is ministerial, not judicial, in character; therefore, *certiorari,* which may issue only to review acts done by an inferior tribunal, board or officer in the exercising of judicial functions does not lie to annul an order filling a vacancy deemed by the judge to exist in that office in a newly created county because of the alleged unconstitutionality of the Act under which the office was filled by election, and because the incumbent was holding two other offices regarded by him as incompatible.

[As to who may file a bill of review, see note in Ann. Cas. 1914C, 126.]

*Certiorari* by the State, on the relation of Thomas Dowen, against the District Court of the Twelfth Judicial District of the State of Montana, in and for the County of Blaine, and Frank N. Utter, a judge thereof. Dismissed.

*Messrs. Norris & Hurd,* for Relator, submitted an original and a supplemental brief; *Mr. E. L. Norris* argued the cause orally.

*Messrs. O'Keefe,* for Respondents, submitted a brief; *Mr. Robt. E. O'Keefe* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Application for *certiorari.* By virtue of a special election held on February 20, 1912, in pursuance of the provisions of Chapter 112 of the Laws of 1911 relating to the creation, organization and classification of new counties, the county of Blaine was created out of territory theretofore included in Chouteau county. Prior to the election the board of commissioners of

Chouteau county gave notice thereof by proclamation, as required by the Act, that officers of the proposed new county, including three commissioners, were to be elected. It was declared therein that one of these was to be elected for a term of two, one for a term of four, and one for a term of six years. The relator herein, a qualified elector of the proposed new county, became a candidate for the term of six years. His name was printed upon the official ballot among the candidates for election for this term. A canvass of the returns disclosed that a majority of the votes cast were in favor of the creation of the new county. It further disclosed that the relator had received the highest number of votes for the office of commissioner. The new county was declared created, the relator was declared elected, and a certificate of his election was duly issued to him. He immediately qualified and entered upon a discharge of his duties. His right to hold the office for the full term of six years was never questioned by anyone until January 12 of this year. On that date Hon. Frank N. Utter, one of the judges of the twelfth district of which Blaine county forms a part, on his own motion made and filed with the clerk of the district court of Blaine county an order of which the following is a copy: ''Therefore, a vacancy existing in the office of county commissioner of Blaine county, Montana, the term of which office expires on the first Monday of January, 1917, and which office the said Thomas Dowen has heretofore claimed to hold, it is ordered that Robert E. O'Keefe, of Chinook, Montana, be and is hereby appointed to the office of county commissioner of Blaine county, to hold said office, under the law, until the first Monday in January next after the first general election hereafter, and until his successor is elected and qualified.'' The order is prefaced by a statement of the reasons which prompted Judge Utter's action, *viz.*:

(1) That the provisions of the statutes so far as they related to the election of county commissioners are invalid, because in conflict with the Constitution.

(2) That after he assumed the office of commissioner the relator became a candidate for and was elected to the office of school trustee of one of the school districts of the county, and that he now holds the office.

(3) That after his election to the office of commissioner he accepted an appointment from the sheriff as special deputy which he now holds.

Prior to the date of the order, no action or special proceeding of any kind had been instituted to have determined the relator's right to the office, nor had any notice been given him that his office was deemed vacant for any cause, or that his right to hold it was questioned by anyone. Upon the making of the order, the appointee, R. E. O'Keefe, asserted a right to the office and to perform the duties and receive the emoluments pertaining to it. The relator thereupon instituted this proceeding to have the order annulled, on the ground that it was made without authority of law and in excess of jurisdiction. There are several reasons why the relief sought herein may not be granted. Of these it will be necessary to notice but one.

The power to fill a vacancy in the office of county commis-
[1] sioner is conferred by the Constitution upon the district judge of the district in which the vacancy occurs and the provisions of the statute enacted in pursuance thereof. (Const., Art. XVI, sec. 4; Rev. Codes, sec. 2883; Laws 1913, Chap. 5, sec. 1.) Though it is vested in a judicial officer, it is not a prerequisite to its exercise that it be invoked by an application in the form of a complaint or petition; nor is the validity of its exercise in a given case made dependent in any measure upon facts judicially ascertained to exist. The appointing officer pronounces no decree, nor does he adjudicate any right. His action is the result of an opinion based upon personal knowledge of the existence of the vacancy, or information derived from any source which he deems reliable. If a vacancy exists, the appointment is valid; if it does not, the act of appointment is nugatory. The power is therefore executive or ministerial in character, of the same quality as that vested in the governor to

fill a vacancy in the office of the judge of the district court or a justice of the supreme court, or in any other office a vacancy in which he is given power to fill by appointment. Though it is vested in a judicial officer, its nature is not therefore changed; nor, it may be added, do the formalities in which the order or notice of appointment is expressed affect its quality in the least. While it may be a debatable question whether or not such a power ought to have been vested in a district judge, the fact that it is vested in this officer does not change its quality. (*People* v. *Bush,* 40 Cal. 344; *Lorbeer* v. *Hutchinson,* 111 Cal. 272, 43 Pac. 896; *People ex rel. Dunham* v. *Morgan,* 90 Ill. 558; *Taylor* v. *Commonwealth,* 3 J. J. Marsh. (Ky.) 401; *Mayor, etc.,* v. *State,* 15 Md. 376, 74 Am. Dec. 572.)

Now, the writ of *certiorari* may issue only to an inferior tribunal, board or officer exercising judicial functions, to annul acts done without or in excess of jurisdiction. (Rev. Codes, sec. 7203.) It cannot therefore be extended to the review of merely ministerial or executive acts, no matter whether they are done in strict conformity with the purpose for which the power was granted to the officer exercising it, or are the result of mistaken or willful abuse of it.

In their briefs, counsel for the relator have devoted a great deal of space to an effort to establish the proposition that upon the face of the order of appointment Judge Utter acted judicially in determining the facts upon which he based the conclusion that there was a vacancy in the office. Incidentally they argue that he, without warrant, declared the provision of the law referred to unconstitutional; also, that he judicially determined the question of incompatibility in the offices held by the relator. All these matters are wholly beside the mark, once the conclusion is reached that Judge Utter acted only in a ministerial capacity.

Of the correctness of our conclusion on this subject we have no doubt. The result is that the writ heretofore issued must be set aside, and the proceeding dismissed. It is so ordered.

*Dismissed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.