[Civ. No. 2437. Second Appellate District.—September 12, 1917.]

RICHARD H. NORTON, Appellant, v. WALTER A. LEWIS, Auditor of Los Angeles County, Respondent.

PUBLIC OFFICERS—FILING OF OATH AND BOND—TIME.—The provisions of the Political Code relating to the time of filing of the oath and bond of public officers are mandatory, and the refusal or neglect of a person duly elected to an office to file his official oath or bond within thirty days after notice of his election or appointment vacates the office.

ID.—MEMBER OF BOARD OF SUPERVISORS—FAILURE TO QUALIFY WITHIN TIME AFTER RE-ELECTION—SALARY.—Where a supervisor whose term expired January 8, 1917, and who was re-elected on November 7, 1916, and given notice thereof seventeen days later, did not file his official bond until February 28, 1917, or take his oath until April 23, 1917, the office, as to the term for which he was re-elected, is vacated. He continues to hold the office solely by reason of his first election and the statute which permits and requires him to remain in office until his successor qualifies. Under this extended term, he is entitled to that salary only which is provided by law for such term.

APPEAL from a judgment of the Superior Court of Los Angeles County. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Vere Radir-Norton, and Gesner Williams, for Appellant.

A. J. Hill, County Counsel, and David R. Faries, Deputy County Counsel, for Respondent.

THE COURT.—Petitioner appeals to this court from a judgment denying his petition for a writ of mandate. Respondent claims that petitioner is entitled to a salary of only $250 per month (three thousand dollars per year), and

that petitioner is merely holding over as incumbent of a term which began in January, 1913. Petitioner claims that he is in office for a term beginning on the first Monday after the first day of January, 1917, and that therefore his salary, as established by law, is five thousand dollars per year. Counsel for respondent, in their brief, have furnished us with a copy of the opinion written by Honorable Curtis D. Wilbur, judge of the superior court, wherein he stated the reasons for his decision. As that opinion contains a full and correct statement of the law as we understand it to be, it is hereby adopted as expressing the views of this court. The opinion is as follows:

"The petitioner was elected a member of the board of supervisors at a salary of three thousand dollars per annum and mileage for a term of four years, expiring January 8, 1917. Thereafter, on November 7, 1916, he was re-elected for a four year term. He did not file his official bond until February 28, 1917, nor did he take the oath of office until April 23, 1917, although he received notice of his election on November 24, 1916.

"Section 907 of the Political Code provides: 'Whenever a different time is not prescribed by law, the oath of office must be taken, subscribed and filed within thirty days after the officer has notice of his election or appointment.'

"Section 947 of the Political Code provides: 'Every official bond must be filed in the proper office within the time prescribed for filing the oath.'

"Section 996 of the Political Code provides: 'An office becomes vacant on the happening of either of the following events before the expiration of the term; . . . Subdivision 9: His refusal or neglect to file his official oath or bond within the time prescribed . . .'

"If any doubt existed as to the meaning of these provisions of the law they have been settled by a long line of decisions, commencing with *Payne* v. *San Francisco,* 3 Cal. 122. These decisions are collected in *People* v. *Perkins,* 85 Cal. 509, 511, [26 Pac. 245, 246], as follows:

" 'The first of the sections referred to (that is section 907) provides that when a different time is not prescribed the oath of office *must* be taken, subscribed and filed within ten days after the officer has notice of his election or appointment, or when no such notice has been given, then within

fifteen days from the commencement of his term of office; and the other section provides that an office becomes vacant upon the happening of certain events, one of which is the refusal or neglect of one who is elected or appointed to an office to file his official oath or bond within the time prescribed. These provisions of the law are mandatory. The official oath or bond must be filed within the prescribed time or the right to the office becomes forfeited. (Citing *People* v. *Taylor*, 57 Cal. 620; *Payne* v. *San Francisco*, 3 Cal. 122; *People* v. *Brite*, 55 Cal. 79; *Hull* v. *Superior Court*, 63 Cal. 174; *People* v. *Hartwell*, 67 Cal. 11, [6 Pac. 873]. See, also, *Ball* v. *Kenfield*, 55 Cal. 320, and *People* v. *Perry*, 79 Cal. 105, [21 Pac. 423].)

"In *Lorbeer* v. *Hutchinson*, 111 Cal. 272, [43 Pac. 896], it is said: 'The failure to qualify—if he did so fail—*ipso facto* created a vacancy. (*People* v. *Shorb*, 100 Cal. 537, [38 Am. St. Rep. 310, 35 Pac. 163].')

"Petitioner herein contends that the proper construction of section 996 of the Political Code requires that the word 'neglect' should be given the significance ordinarily attached to the words 'negligently fail,' and that a mere failure, in the absence of a finding of negligence, would not create a vacancy. I think it plain, however, that the word 'neglect' is used in the sense of 'fail,' and the decisions of our supreme court uniformly so hold.

"In the case of *People* v. *Taylor*, 57 Cal. 620, the petitioner had, subsequent to his election, but after the time fixed by statute, filed his official oath and bond. The court there said: 'It is conceded that the relator, by reason of his failure to file his oath of office and official bond within ten days of the notice of his election, is not, by virtue of said election, entitled to the office. (Pol. Code, secs. 907, 947, 996.)'

"This concession was no doubt made by reason of the previous decisions of the supreme court above referred to. The court, however, was required, notwithstanding the concession, to analyze the meaning and the effect of these provisions of the code, and said: 'It is the duty of the court to give to this provision the force and effect which it was intended by the legislature that it should have, if such intention can be ascertained; and we think that, without doing violence to the language of the statute, we may construe it to mean that the refusal or neglect of a person duly elected to an office

to file his official oath or bond within the time prescribed by law creates a vacancy as soon as the term for which he is elected commences, which may be filled by the proper appointing power.'

"Counsel for petitioner states that he has found no case in which there has been an attempt made to cure the default on the discovery by the officer of the failure to file the oath or the bond in time. In the case of *People* v. *Taylor*, 57 Cal. 620, it was said concerning the elected officer: 'Before the first Monday in March, 1880, he filed his oath of office and official bond. Neither the said oath nor bond was filed within ten days after he received notice of his election, the time prescribed by law for filing them. On the 4th of March, 1880, the board of supervisors, deeming said office vacant, appointed Showers, the relator, to fill said vacancy.'

"It was under these conditions that it was said: 'It is conceded that the relator, by reason of his failure to file his oath of office and official bond within ten days after receiving notice of his election, is not, by virtue of the election, entitled to the office.'

"The cases in California too clearly hold that a failure to file an official oath and bond within time vacates the office to justify this court in construing the statute otherwise. The court is compelled to find both on the law and on the facts that the petitioner herein failed and neglected to qualify as provided by law, that he, therefore, holds his office as supervisor not by reason of his election thereto in November, 1916, but by reason of his election four years previous thereto and the statute which permits and requires him to remain in office until his successor duly qualifies. He is therefore holding under the extended term, due to the failure of his successor to qualify, and is entitled to the salary provided by law and by charter for such term. (*Rice* v. *National City,* 132 Cal. 354, [64 Pac. 580].)

"It is suggested that the petitioner is holding *de facto* as to the second term, and therefore, under section 936 of the Political Code, is entitled to the salary for the new term as provided in the charter. So far as this proceeding is concerned, the defect in this reasoning is, if it is correct, that the petitioner is not entitled to any salary at all, for in order to entitle him to receive a salary it is essential that he be a *de jure* officer. Section 936 of the Political Code, which in some in-

stances permits a *de facto* officer to draw salary while his title to the office is being contested, does not apply to this situation, where there is no contest whatever over the office.   It has been expressly so held by the supreme court.   (*Bannerman* v. *Boyle*, 160 Cal. 197, [116 Pac. 732].)"

The judgment is affirmed.