[Civ. No. 86. Fourth Appellate District.—April 9, 1930.]

R. L. HILL, Respondent, v. NEW AMSTERDAM CASUALTY COMPANY (a Corporation), Appellant.

McKinstry, Haber & Firebaugh and Pierce Coombes for Appellant.

J. A. Chase for Respondent.

STROTHER, J., *pro tem.*—The plaintiff was sheriff of the county of Tulare, and in January, 1923, appointed Charles R. Hurst as a deputy acting as undersheriff, and required him to give a bond for the faithful performance of his duties. A bond reciting that "We, Charles R. Hurst, as principal, and New Amsterdam Casualty Company," etc., "as surety, are held and firmly bound," in the sum of one thousand dollars, was executed by the defendant, and delivered by Hurst to the plaintiff without execution by him as principal. The bond was not approved by a judge of the Superior Court, or recorded.

Hurst misappropriated moneys coming into his hands as undersheriff, and this action was brought to enforce the obligation of defendant as his surety. Judgment was rendered in favor of plaintiff, from which the defendant appeals.

In the title of this action as originally filed plaintiff was named as "R. L. Hill, Sheriff of Tulare County," the designation being dropped in the amended complaints. As the gravamen of the action stated in the original complaint, and all of the amended complaints, was a defalcation of the deputy which was made good by the plaintiff, the action

was properly in plaintiff's individual, and not his official, capacity.

■ It is objected by appellant that the change in title of the action was, in effect, a change in the cause of action as set up in the original complaint. This would have been true if the action had been begun by plaintiff, "*as* Sheriff of Tulare County." It is, however, too well settled to admit of argument, by unvarying decision, that clauses such as appear in the title of the original complaint are mere descriptions of the person and surplusage, not pertinent to the relation of the party to the cause of action stated.

■ The second objection made by appellant to the third amended complaint is that appellant's principal did not comply with the mandatory provision of section 954 of the Political Code that he should execute the bond. This contention is based upon two theories, one, that as the statute requires the principal to execute the bond, it is void for want of his executing it; the other, that having failed to comply with the statutory mandate, the office became by that fact vacant and no liability attached to the surety.

These positions are so nearly related that they will be considered together.

It is true that the statutory provision is mandatory as to the principal, as are the provisions of cognate sections cited by appellant, requiring the principal to take the oath of office within a certain time, that the bond shall be approved by a judge of the Superior Court and be filed within a fixed period with a designated officer.

All of these provisions are mandatory upon the principal and a very definite penalty for failure to comply with them, or any of them, is fixed by section 996 of the Political Code, i. e., that the "office becomes vacant." There is no provision, however, that the acts of the principal while serving in the official capacity are void, or that he or his sureties are not liable for any wrongful act of his done in the official capacity.

"If he assumed the office . . . , he was an officer *de facto,* 'and held a vested right to act as such until his right to act as such was questioned by someone in a proper proceeding for that purpose.' (*Hull* v. *Superior Court,* 63 Cal. 174, 177; *People* v. *Toal,* 85 Cal. 333, 338 [24 Pac.

603].) '' (*People* v. *Hammond,* 109 Cal. 384, 390 [42 Pac. 36, 37].)

''Being an officer *de facto,* he and his sureties are estopped from denying that his bond was legally given; or rather that, so far as the officer and his sureties are concerned, he is to be held as an officer *de jure.''* (*People* v. *Hammond, supra,* quoting from *State* v. *Rhoades,* 6 Nev. 352.)

The cases cited by appellant to the effect that the office becomes vacant *eo instanti* upon the failure of the officer to qualify as required by law, have no application to the question before us. They are all directed, either to the question of the right of the officer to draw his salary, as in *Norton* v. *Lewis,* 34 Cal. App. 621 [168 Pac. 388], or the right of the appointing power to fill the vacancy or to some other matter wholly unrelated to the issue here.

The decision in the case of *People* v. *Hartley,* 21 ·Cal. 585 [82 Am. Dec. 758], that the sureties on the bond under consideration in that case were not liable because the principal had not signed, was solely on the ground that the bond was joint in form, implying that the sureties agreed to become liable upon the condition that their principal should join with them in the obligation. The consideration was quite apart from any statutory requirement, and one applicable to all obligations, whether official or private. The bond sued on here is both joint and several. In a several obligation each party agrees to be bound whether any other joins with him in the obligation or not.

For the reasons stated, the judgment of the trial court is affirmed.

Barnard, Acting P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 29, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 5, 1930.