## APPLICATION OF O'SULLIVAN
No. 8526
Submitted March 22, 1945. Decided May 1, 1945.
158 Pac. (2d) 306

Mr. Emmet O'Sullivan, of Harlowton, and Hr. Edmond G. Toomey, of Helena, for Appellant.

298

Mr. John J. Cavan, of Harlowton, for Respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This proceeding was instituted by Emmet O'Sullivan to secure an order determining that he is entitled to preference for appointment as city attorney of Harlowton and directing the mayor and city council to employ him.

The petition alleges that Mr. O'Sullivan is a duly licensed attorney-at-law practicing his profession at Harlowton, and that because of military service in the first world war he is entitled to preference in the appointment of city attorney of Harlowton, which position he unsuccessfully sought by written application to the city, its mayor and city council, alleging

facts showing that he possessed all the qualifications entitling him to preference under Chapter 66, Laws of 1937, and Chapter 160, Laws of 1943. It further alleges that in addition to his written application petitioner appeared in person before the mayor and city council urging his appointment; that the mayor and city council wrongfully refused to appoint him and appointed a non-veteran instead.

Judge Husband, deeming himself disqualified, called in Judge Lyman H. Bennett to hear the petition and entered an order fixing the date for a hearing. Before the time set for hearing the mayor and members of the city council filed a petition asking leave to file an answer putting in issue the allegations of the petition of Mr. O'Sullivan. The court issued an order directing Mr. O'Sullivan to show cause why the petition of the mayor and members of the city council should not be granted. Mr. O'Sullivan filed objections to the order to show cause and a motion to strike it and the petition from the files upon the following, among other grounds: That the petitioners are not shown to be real parties in interest; that the petition does not state facts sufficient to describe any right in petitioners to intervene under Sec. 9088, Revised Codes; that the proceeding is not one wherein intervention may be had; and that the proceeding is ex parte in character.

The hearing consisted of legal argument only as to the construction of Chapter 66, Laws of 1937, and Chapter 160, Laws of 1943, and as to the validity of the latter.

The court held that Chapter 160, Laws of 1943, is unconstitutional and void in that it deprives the appointing power of notice and the right to be heard upon the application of petitioner, and that the petition filed by Mr. O'Sullivan was insufficient to vest in the court or judge jurisdiction to proceed upon the petition, and ordered its dismissal. Judgment was entered accordingly. The appeal is from the order of dismissal and from the judgment.

While the court's order does not so indicate, it is clear from what transpired at the hearing that the trial judge in entering

the order of dismissal believed that in proceedings under Chapter 160, Laws of 1943, the only issue before the court is whether the appointing power abused its discretion. Whether the court was right in so believing makes it necessary to consider the meaning of Chapter 160. In ascertaining that meaning we of course are permitted to consider the state of the law before the amendment was made in 1943 as an aid in arriving at the legislative intent.

Chapter 160 of the Laws of 1943 is in most respects a re-enactment of Chapter 66, Laws of 1937. We shall hereinafter allude to the changes made in 1943. Both acts in the identical language give preference to veterans for public employment "provided they possess the business capacity, competency and education to discharge the duties of the position involved" and "age, loss of limb or other physical impairment, which does not in fact incapacitate, shall not be deemed to disqualify them."

Under both acts the veteran is permitted to petition the court when he feels that the spirit of the act has been violated. Under Chapter 66, being the 1937 enactment, upon the filing of the petition, "any judge in said court shall forthwith issue an order to show cause to the appointing authority directing said appointing authority to appear in said court at a specified time and place, not less than five (5) nor more than ten (10) days after the filing of said verified petition, to show cause, if any he has, why said veteran or person entitled to preference should not be employed by him and that said district court shall have jurisdiction upon the proper showing to issue its order directing and ordering said appointing authority to comply with this law in giving the preference herein provided."

Under Chapter 160, Laws of 1943, the above-quoted language is omitted and in lieu thereof appears the following: "Any judge in said court shall have original jurisdiction to determine whether said applicant shall be preferred for appointment and to issue its order directing and ordering said appointing authority to employ said applicant, and said applicant's compensation

shall be effective as of the date his employment would have been effective if the appointing authority had employed him."

While Chapter 66 was in effect and before its amendment, ▮ the case of Horvath v. Mayor of City of Anaconda, 112 Mont 266, 116 Pac. (2d) 874, was decided. In that case we held that the appointing power had discretion in determining whether the applicant was qualified within the meaning of the act and that the province of the court was to determine whether the appointing power acted arbitrarily or otherwise abused its discretion. Under the above-quoted part of Chapter 66 the appointing power was treated as an adverse party and entitled to show cause why the veteran should not be employed.

By eliminating the order to show cause provision, and substi- ▮ tuting the above-quoted part of Chapter 160, the legislature evidently intended to dispense with notice and a hearing before the district court. The applicant contends that the amended statute makes the court the appointing power. The amendment gives the court original jurisdiction to determine whether the applicant shall be preferred for appointment and to issue its order commanding the appointing authority to employ the applicant. To all intents and purposes the amended statute makes the court the appointing authority. If the court issues its order under the statute it leaves no discretion in the appointing authority as to whom it may appoint. The court's order is equivalent to appointment and dates back to the time when the authority should have made the employment. The question then is: May the legislature place the power of appointment in the judiciary? The answer must be in the negative ▮ where, as here, the appointment is in no manner connected with the operations of the judiciary. Generally speaking, the power of appointment is an executive function (In re Weston, 28 Mont. 207, 72 Pac. 512), which cannot be delegated to the judiciary. Sec. 1, Article IV of the Montana Constitution; 11 Am. Jur. pp 885, 886, 42 Am. Jur. p. 949.

In State ex rel. White v. Barker, 116 Iowa 96, 89 N. W. 204, 209, 57 L. R. A. 244, 93 Am. St. Rep. 222, the court stated the

applicable rule as follows: "Generally speaking, appointment to an office is an executive function. True, not every appointment is executive in character, for appointments may be made by judicial officers in the discharge of their official duties, and the legislature may appoint the officers necessary to enable it to discharge its duties. But such appointments are necessary to enable them to properly discharge their duties, and to maintain their separate existence. These do not involve an encroachment on the function of any other branch. The appointments authorized by the Act in question are in no manner connected with the discharge of judicial duties, and to our minds clearly fall within the prohibition of the article of the constitution hitherto quoted. Much more might be said in support of the conclusion reached, but this opinion has already outgrown proper limits. Judges of courts created by the constitution should not be burdened with executive or administrative duties. They should, as nearly as possible, be freed from everything not judicial in character. Respect for the position has materially lessened whenever judges have attempted to discharge duties of an executive character. The judge should have no favors to grant, no patronage to dispose of, and no friends to reward. The spoils system should have no place in the selection of judicial officers. The manifest purpose of the legislature in passing the act in question and placing the appointing power in the hands of the judiciary is a compliment that speaks loudly of the integrity, fairness, and independence of judicial officers; but, if they are put on a plane with other officials, who are compelled to, or who, at least, in many instances do, use their appointing power to further their own interests, will they not sacrifice their standing as judges, and defeat the very objects intended to be secured? Let us adhere to the traditions and history of the past; let the judge be supreme in his field, the legislator in his, and the executive remain where the constitution placed him; let the three co-ordinate departments of government be preserved intact; let neither trench upon the other;

and our liberties will be preserved, and our rights duly maintained."

The fact that judges fill vacancies in the office of county commissioners by appointment does not militate against this view for that power is expressly provided for in the Constitution. Sec. 4, Article XVI; State ex rel. Dowen v. District Court, 50 Mont. 249, 146 Pac. 467. Were we to hold that the statute does not make the court in effect the appointing power, we still could not uphold the amended statute in all its provisions. If the statute be not construed as delegating executive powers to the judiciary, and were we to say that it merely imposes judicial duties upon the court, the statute as amended would have to fall because it fails to provide for notice and a hearing.

Judicial proceedings without notice and opportunity for ▆ hearing are contrary to the State and Federal Constitutions as a deprivation of rights without due process. It is to be noted that Chapter 160 is silent as to notice and an opportunity for anyone to be heard. The significance of this omission is accentuated when it is remembered that Chapter 66 specifically provided for notice and a hearing by the appointing power, and these provisions are dropped by the amendment of 1943. This evidences a clear legislative intent to dispense with notice and a hearing. If we concede that the statute imposes judicial and not executive duties upon the court, then the court's only function would be to determine whether the appointing power abused its discretion, or acted arbitrarily or fraudulently as held in the Horvath case, and on that issue notice and opportunity for hearing are essential. Compare State ex rel. Dolin v. Major, 58 Mont. 140, 192 Pac. 618.

Under the statute a controversy may arise between two or more veterans and the issue before the court acting judicially would be limited to determining whether the appointing power acted arbitrarily or fraudulently or acted in abuse of its discretion, and as before stated notice and opportunity for hearing

are necessary to constitute due process of law. 16 C. J. S., Constitutional Law, Sec. 619, p. 1245 et seq.

The above-quoted portion of Chapter 160, so far as it purports to dispense with notice and hearing, must therefore be declared invalid, if we assume that the court's function was intended to be judicial.

This holding, however, does not affect the validity of the remaining portions of that act. Section 2 of that Chapter provides: "If any section, sentence, clause or phrase of this act is for any reason held to be unconstitutional or invalid, such decision shall not affect the validity of the remaining positions [portions] of this act. The legislative assembly of the State of Montana hereby declares that it would have passed this act irrespective of the fact that any one (1) or more sections, sentences, clauses, or phrases may be declared unconstitutional or invalid."

Another amendment made by Chapter 160 was to include within its terms men and women who served in World War II. Those provisions of the amended statute are valid.

Since the above-quoted portion of Chapter 160 is invalid, it does not work the repeal of the above-quoted portion of Chapter 66 with reference to the order to show cause and notice which the amended statute was designed to supersede. It is well settled that an unconstitutional statute enacted to take the place of a prior statute does not affect the prior statute. Chicago, M., St. P. & P. R. R. Co. v. Harmon, 89 Mont. 1, 295 Pac. 762; State ex rel. Malott v. Board, 89 Mont. 37, 296 Pac. 1; Vennekolt v. Lutey, 96 Mont. 72, 28 Pac. (2d) 452; and see note in 102 A. L. R. 802. Chapter 160 contains a clause repealing all acts and parts of acts in conflict with it. Chapter 66 was not in conflict with Chapter 160 except as to the feature of notice and the order to show cause above noted.

Since the case must be remanded for further proceedings, one other point must be considered. That point is whether the clause in Chapter 160, which allows compensation to date back to the time when the appointment should have been made is

valid. The application for appointment in this case was made in April, 1943, and Chapter 160 did not become effective until July 1, 1943. The appointment was sought as of May 17, 1943. There is nothing in Chapter 160 to indicate that it was intended to be made retroactive as to a time before it became effective. This feature of Chapter 160, it should be noted, is not a remedial or procedural matter, but is a matter of substantive right and changes what appears to be the majority rule in the absence of statute. See note in 55 A. L. R. p. 998, and compare Peterson v. City of Butte, 44 Mont. 401, 120 Pac. 483, Ann. Cas. 1913B, 538. We hold that the part of Chapter 160 which deals with compensation was not intended to be retroactive and thus to apply to an appointment sought at a time prior to the effective date of Chapter 160. To hold otherwise would render it unconstitutional in its retroactive operation. Mullane v. Mc-Kenzie, 269 N. Y. 369, 199 N. E. 624, 103 A. L. R. 758.

Some contention is made that our Veterans' Preference Act ▮ has no application to the office of city attorney. We hold that it does apply to that office. See Dever v. Platt, 81 Kan. 200, 105 Pac. 445.

It follows that the clause above quoted in Chapter 160 so far as it attempts to confer authority upon the court to make an appointment is unconstitutional and void. So far as it undertakes to confer judicial power without notice and hearing it is also void. The court was right in holding Chapter 160 partially invalid. Under the circumstances, however, since Chapter 66 is valid and still in effect so far as notice and an order to show cause is concerned, we reverse the order dismissing the proceedings and remand the cause, with directions for the lower court to permit petitioner to amend his petition so as to bring it within Chapter 66 as interpreted in the Horvath case, and thereafter to proceed in accordance with the views herein stated.

It is so ordered.

Mr. Chief Justice Johnson and Associate Justices Adair and Cheadle concur.