COUNTY TREASURER — FUNDS INVESTED IN INTEREST BEARING DEPOSITS — BILL TITLE RESTRICTION House Bill No. 1701, is unconstitutional and void except insofar as it permits a County Treasurer to invest county funds in interest bearing deposits in state and national banks in Oklahoma, and provides that the interest received by the County Treasurer from such investments must be placed in the general fund of the county. House Bill No. 1701, supra, does not affect the investment of funds or the disposition of income therefrom by the Treasurers of cities, towns or school districts and such investments and the disposition of income therefrom are still controlled by 62 O.S. 348.1 [62-348.1] (1969). All investments and disposition of income therefrom by the County Treasurer except those in deposits in state and national banks are still controlled by 62 O.S. 348.1 [62-348.1] (1969). The Attorney General has had under consideration your request of May 29, 1970, for an opinion upon the constitutionality of House Bill Number 1701, 32nd Oklahoma Legislature, 2nd Session. House Bill Number 1701, 32nd Oklahoma Legislature, 2nd Session (1970), provides in its entirety, including its title, as follows, to-wit: "AN ACT RELATING TO PUBLIC FINANCE; AMENDING 62 O.S. 348.1 [62-348.1] (1961), AS LAST AMENDED BY SECTION 1, CHAPTER 356, O.S.L. 1967 (62 O.S. 348.1 [62-348.1] (1969)); AUTHORIZING INVESTMENT OF MONIES BY COUNTY TREASURER IN INTEREST BEARING DEPOSITS IN STATE AND NATIONAL BANKS IN OKLAHOMA; PROVIDING FOR DISPOSITION OF INCOME; AND DECLARING AN EMERGENCY" Be it enacted by the People of the State of Oklahoma: SECTION 1. 62 O.S. 1961 348.1 [62-348.1], as last amended by Section 1, Chapter 356, O.S.L. 1967 (62 O.S.Supp. 1969, 348.1), is amended to read as follows: "The county treasurer in any county, when authorized by the board of county commissioners or the lawful treasurer of any city, town or school district, as the case may be, when authorized by the appropriate governing body, is hereby authorized to invest any monies in the custody of the treasurer in: (a) direct obligations of the United States Government to the payment of which the full faith and credit of the Government of the United States or of the State of Oklahoma is pledged; or (b) certificates of deposits of banks when such certificates of deposits are secured by acceptable collateral as in the deposit of other public monies; or (c) in savings accounts or savings certificates of savings and loan associations to the extent that such accounts or certificates are fully insured by the Federal Savings and Loan Insurance Corporation, whenever the appropriate governing board shall determine by resolution that said monies cannot then be used for the purpose for which they are to be expended. Provided, that the income received from said investment shall be placed in the general fund of the governmental subdivision to be used for general governmental operations. "Approved April 23, 1970. Emergency." Article V, Section 57 Oklahoma Constitution, provides: "Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be reenacted and published at length: Provided, That if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof." A casual reading of the title of House Bill Number 1701, supra, reveals that said act by its title authorizes only the investment monies by county treasurers in interest bearing deposits in state and national banks in Oklahoma and provides for the disposition of such income. The body of the Act attempts to further authorize the treasurer of any city, town, or school district to invest monies in the custody of the treasurer of such municipality in direct obligation of the United States Government in certificates of deposits and in savings accounts or saving certificates of Saving and Loan Associations upon a resolution by the governing board of such municipality so authorizing the treasurer. The body of the opinion also states that the income received from said investments shall be placed in the general fund of the governmental subdivision to be used for general governmental operations. This last sentence certainly could only mean such income as is received by a county treasurer from interest bearing deposits in state and national banks because that is the limitation the Legislature placed upon itself in the title to House Bill Number 1701, supra. In the case of Excise Board, Washita County v. Lowden, et al, 189 Okl. 286,116 P.2d 700, the Court in the third paragraph of its syllabus held as follows: "(a) The Legislature, having selected a restricted title, is bound by it. State ex rel. Ledbetter, Sheriff v. Pitts, Co. Treas., 137 Okla. 59, 277 P. 918. "(b) The text of an act is limited by its title. Cornell v. McAlister et al., 121 Okla. 285, 249 P. 959. "(c) The title must be construed with reference to the language used in it alone and not in the light of what the body of the act contused. Associated Industries of Oklahoma et al. v. Industrial Welfare Commission et al., 185 Okla. 177,90 P.2d 899." In the case of John Deere Plow Co. v. Owens,194 Okl. 96, 147 P.2d 149, the Court held in the body of the opinion: "One of the purposes of the constitutional provision above mentioned (sec. 57 of art 5, supra) is to enable the public to gauge the scope or effect of pending legislation. This result may be and is contemplated because frequently the only publication accorded pending legislation is in accord with the title. The other purposes of the constitutional provision are to prevent hodge-podge or log-rolling legislation and to prevent surprise or fraud upon the members of the Legislature itself. State ex rel., Board of Education of City of Tulsa v. Morley, 168 Okla. 259, 34 P.2d 264." 82 C.J.S., Statutes, 281, sets out the general rule as follows: "Unless it employs language showing an intent to repeal in any event and in respective of its unconstitutional provisions, an act which is invalid or unconstitutional and void or inoperative does not repeal another valid act. The rule is well settled that an unconstitutional enactment will not repeal a former valid law by mere implication, even where the subsequent act declares the repeal of all acts or parts of acts inconsistent therewith, and it is apparent that the repealing statute is to be substituted for the one repealed since there is nothing that can conflict with a void statute." In the old case of Porter v. Board of County Commissioners of Kingfisher County, 6 Okl. 550, 51 P. 741, the court said in the second paragraph of its syllabus: "Although said Article I, ch. 34, Session Laws, 1897, contains a provision purporting expressly to repeal Article 8, ch. 73, Statutes 1893, yet, as the former enactment is unconstitutional and void, the latter is in no wise affected thereby, but remains in full force and effect." See also, Ex Parte Masters, 126 Okl. 80, 258 P. 861, which in effect held that a new invalid statute did not repeal a former valid act. In the case of Application of O'Sullivan, 117 Mont. 295, 158 P.2d 306, 161 A.L.R. 487, the court said in the body of the opinion: "It is well settled that an unconstitutional statute enacted to take the place of a prior statute does not affect the prior statute." And, in the case of Mazurek v. Farmer's Mutual Fire Ins. Co. of Jamestown, 320 Pa. 33, 181 A. 570,102 A.L.R. 798, the court said in the body of the opinion: "Where a subsequent statute which would, if valid, act as a repeal of a prior statute only by implication, i.e., because its terms are contradictory of the provisions of the earlier enactment, is itself unconstitutional, it must be obvious that the earlier act remains in full force and effect. This follows inevitably from the fact that in the eyes of the law it never came into existence. Never having come into existence, it could have no effect. The rule that an unconstitutional enactment will not by mere implication repeal a pre-existent valid law is well established." In view of the restrictive title of House Bill No. 1701, supra, it is the opinion of the Attorney General that said act is unconstitutional and void except insofar as it permits a County Treasurer to invest county funds in interest bearing deposits in state and national banks in Oklahoma and provides that the interest received by the County Treasurer from such investments must be placed in the general fund of the county. House Bill 1701, supra, does not affect the investment of funds or the disposition of income therefrom by the Treasurers of cities, towns or school districts and such investments and the disposition of income therefrom are still controlled by 62 O.S. 348.1 [62-348.1] (1969). All investments and disposition of income therefrom by the County Treasurer except those in deposits in state and national banks are still controlled by 62 O.S. 348.1 [62-348.1] (1969). (G. T. Blankenship)