No. 02-571

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 31

CLIFFORD WAGNER,

       Plaintiff and Appellant,

  v.

STATE OF MONTANA, MIKE McGRATH,
Attorney General for the State of Montana,
and LEO GALLAGHER, County Attorney for
Lewis and Clark County,

       Defendants and Respondents.


APPEAL FROM:    District Court of the First Judicial District,
               In and For the County of Lewis and Clark, Cause No. BDV-2002-214
               Honorable Jeffrey M. Sherlock, Presiding Judge


COUNSEL OF RECORD:

       For Appellant:

              Jeffrey T. Renz; Ashley Mattern Pfeiffer, Intern, School of Law,
              University of Montana, Missoula, Montana

       For Respondents:

              Honorable Mike McGrath, Attorney General; Chris Tweeten, Assistant
              Attorney General, Helena, Montana

              Leo Gallagher, Lewis and Clark County Attorney, Helena, Montana


                      Submitted on Briefs:  December 30, 2003

                               Decided:  February 18, 2004

Filed:


                      _____
                                Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1      Clifford Wagner sought a declaratory judgment in the First Judicial District Court, Lewis and Clark County, that he cannot be required to register under the Sexual or Violent Offender Registration Act (SVORA). The District Court denied Wagner's motion for summary judgment and dismissed the action. Wagner appeals and we affirm.

¶2      The issue is whether requiring Wagner to register under SVORA violates his right to full restoration of rights under Article II, Section 28(2) of the Montana Constitution.

BACKGROUND

¶3      In 1987, Wagner pled guilty to aggravated burglary, sexual intercourse without consent, aggravated kidnapping and robbery in Cascade County, Montana, and was sentenced to a 27-year prison term. On February 23, 2002, Wagner was released from the Montana State Prison, discharged from his sentence and released from all supervision. Just prior to his release, the Montana Department of Corrections (Corrections) informed Wagner by letter that he was obligated to register as a sexual/violent offender pursuant to SVORA.

¶4      After receiving the letter, Wagner filed a complaint asking the District Court for a declaratory judgment that SVORA is unconstitutional as applied to him. He also petitioned for injunctive relief and a temporary restraining order preventing the enforcement of SVORA as to him pending resolution of this action. Wagner alleged that application of SVORA to his case would violate a number of his rights under the United States Constitution and the Montana Constitution, including his right to full restoration of rights under Article II, Section

2

28 of the Montana Constitution.

¶5 The District Court granted Wagner's request for a temporary restraining order. After the State of Montana responded to Wagner's complaint, Wagner moved for summary judgment. The District Court denied Wagner's motion for summary judgment and subsequently dismissed his complaint. On appeal, Wagner raises only the "full restoration of rights" issue.

## STANDARD OF REVIEW

¶6 We review a summary judgment *de novo*, applying the same Rule 56, M.R.Civ.P., criteria as does the trial court. *Casiano v. Greenway Enterprises, Inc.*, 2002 MT 93, ¶ 13, 309 Mont. 358, ¶ 13, 47 P.3d 432, ¶ 13. If there are no genuine issues of material fact, as both parties agree in this case, then the court must determine whether the moving party is entitled to judgment as a matter of law. *See* Rule 56(c), M.R.Civ.P.

## DISCUSSION

¶7 Does requiring Wagner to register under SVORA violate his right to full restoration of rights under Article II, Section 28(2) of the Montana Constitution?

¶8 SVORA is codified at §§ 46-18-255 and 46-23-501 through -520, MCA. The Legislature enacted the Sexual Offender Registration Act in 1989 and, in 1995, added violent offenders and renamed the legislation SVORA. *See* 1995 Mont. Laws 407. In 1997, the Legislature amended SVORA to apply retroactively to all sexual offenders in the custody or under the supervision of Corrections when the Sexual Offender Registration Act became effective. *See* 1997 Mont. Laws 375, § 18.

¶9     Upon their release from confinement and supervision, sexual and violent offenders must register in writing with the Montana Department of Justice and the sheriff of the county or chief of police of the city in which the offender intends to reside; the offender also must provide fingerprints to--and be photographed by--law enforcement entities. Section 46-23-503, MCA. Section 46-23-505, MCA, requires offenders to register within 10 days of any change of address. An offender like Wagner, who is designated a level 3 offender, must register every 90 days thereafter for the remainder of his life unless a court relieves him of that obligation following 10 years of registration or unless he is in prison. Sections 46-23-504(4) and -506(1), MCA.

¶10    Article II, Section 28(2) of the Montana Constitution provides that "[f]ull rights are restored by termination of state supervision for any offense against the state." Wagner contends that retroactive application of SVORA's continuing registration requirements abridges his rights to exist free from State regulation, to travel and to pursue employment, all of which he asserts are encompassed in Article II, Section 28(2).

¶11    After the principal briefs were filed in this appeal, we issued our opinion in *State v. Mount*, 2003 MT 275, 317 Mont. 481, 78 P.3d 829. We allowed the parties to this case to submit supplemental briefs concerning *Mount* and its effect on this case. The State contends *Mount* is dispositive of this appeal. Wagner disagrees.

¶12    In *Mount*, an individual like Wagner, who was convicted of a sex offense prior to SVORA's enactment, challenged its application to him. The trial court concluded that, as applied, SVORA was an unconstitutional *ex post facto* law. *See Mount*, ¶ 12. The State

4

appealed and we reversed. Among other things, we addressed the individual's assertion that his final discharge from prison restored all his rights as a citizen, including his right to privacy, pursuant to Article II, Section 28 of the Montana Constitution. Thus, in addition to asserting that privacy is one of the rights encompassed by Article II, Section 28, he argued that application of SVORA's retroactive provision offended his constitutional right to privacy. *See Mount*, ¶ 93.

¶13 We began our analysis in *Mount* by focusing on which rights are constitutionally guaranteed to be restored upon termination of supervision for a criminal offense. Examining the transcripts of the Montana Constitutional Convention, earlier case law and the related statute, we determined that the "full rights" restored under Article II, Section 28 of the Montana Constitution following termination of state supervision for a criminal offense are civil and political rights incident to citizenship, including the right to vote, hold office and enter occupations which require state licensing. *Mount*, ¶ 95. For that reason, we concluded privacy was not a right protected under Article II, Section 28. *Mount*, ¶ 98.

¶14 Regarding whether SVORA infringed on the fundamental right to privacy, we applied the strict scrutiny analysis applicable to fundamental rights, and determined that the analysis was satisfied: the State had the requisite compelling interests in enacting SVORA--including protecting the public from the recidivism of sex offenders, preventing victimization of vulnerable children and assisting law enforcement in keeping track of the whereabouts of sex offenders--and SVORA's registration and disclosure requirements were narrowly tailored to effect those purposes in a reasonable manner. *Mount*, ¶¶ 98-99. We held that the

5

registration and disclosure requirements of SVORA do not deprive persons of any rights under Article II, Section 28 of the Montana Constitution. *Mount*, ¶ 100.

¶15　In his supplemental brief, Wagner points out that *Mount* addressed only the right to privacy, and not the other rights he contends are granted to citizens under Article II, Section 28. Wagner is correct that *Mount* did not specifically discuss rights to exist free from State regulation, to travel and to pursue employment which he raises here.

¶16　*Mount* still controls, however, because the rights Wagner raises are not among the civil and political rights incident to citizenship which are restored under Article II, Section 28 upon termination of supervision for a criminal offense. *See Mount*, ¶¶ 95-96. Given our analysis in *Mount*, it is clear that Article II, Section 28 protects only such civil and political rights of citizenship as may have been abridged by supervision following a criminal conviction. Rights of citizenship do not include or equate to individual rights enumerated in either the Montana or United States Constitutions. We hold that SVORA's requirements do not deprive Wagner of any rights under Article II, Section 28 of the Montana Constitution.

¶17　Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JOHN WARNER

6

/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE