DA 07-0171

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 149N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

WILLIAM LEE "RANDY" CLARK,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Seventeenth Judicial District,
In and for the County of Phillips, Cause No. DC 892
Honorable David Rice, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      William Lee "Randy" Clark, Pro Se, Palm Bay, Florida

      For Appellee:

      Hon. Mike McGrath, Montana Attorney General; Jesse A.
Laslovich, Assistant Attorney General, Helena, Montana

      Ed Amestoy, Phillips County Attorney; Dan O'Brien, Deputy
County Attorney, Malta, Montana

Submitted on Briefs:  February 6, 2008

Decided:   April 29, 2008

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     A jury convicted William L. "Randy" Clark of eight counts of sexual intercourse without consent. Judgment was entered designating him a dangerous offender and sentencing him to 30 years in prison on each count, to run concurrently. We affirmed. *See State v. Clark*, 209 Mont. 473, 682 P.2d 1339 (1984). He subsequently was paroled and, by 2005, had been living in Florida for some time. He has complied with the sex offender registration statutes.

¶3     In the spring of 2005, Clark moved the Seventeenth Judicial District Court, Phillips County, to release him from mandatory sex offender registration. He substituted the presiding judge, and the Honorable David G. Rice assumed jurisdiction. Clark later moved for disqualification of Judge Rice. The District Court denied his motions and Clark, a self-represented litigant, appeals. We affirm.

¶4     Section 3-1-805, MCA, sets forth the means by which a party to a judicial proceeding may seek disqualification of the presiding judge. The first requirement is the filing of "an affidavit[.]" Clark did not file an affidavit. Section 3-1-805(c), MCA,

2

authorizes the setting aside as void of "[a]ny affidavit which is not in proper form[.]" Here, the District Court denied the motion on that basis.

¶5 Clark's motion for release from the sex offender registration requirement was made pursuant to § 46-23-506(3)(b), MCA, which authorizes such relief from the duty to register under carefully delineated circumstances. Pursuant to § 46-23-506(5)(a)(i), MCA, however, such relief is not available if the person was convicted of the offense of sexual intercourse without consent and the victim was compelled to submit by force.

¶6 Here, the fact of the convictions of eight counts of sexual intercourse without consent is of record and undisputed. The District Court advanced the statutory definitions of force and, with Clark's agreement, reviewed Clark's trial transcript prior to making its determination regarding force. It located sufficient evidence in the victim's testimony to determine that she had experienced pain and bodily injury. Indeed, the victim testified that she "was hurting and [] was bleeding[,]" she told him it hurt, and he got rough with her once or twice. Thus, while Clark correctly asserts that the offenses were charged as "statutory rapes"—that is, sexual intercourse without consent with a minor—as opposed to sexual intercourse without consent involving force or violence, the language of § 46-23-506(5)(a)(i), MCA, directs the court to the nature of the offense and not the manner in which it was charged.

¶7 Finally, Clark contends that, while the District Court restored any civil rights of which the sentencing judge had deprived him, the court abused its discretion by inconsistently denying his request for release from sex offender registration. However, he advances no authority—as required by M. R. App. P. 12—for such a proposition.

¶8      We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.  It is manifest on the face of the briefs and the record that this appeal is without merit because the issues are clearly controlled by settled Montana law that the District Court correctly interpreted, and that no abuse of discretion occurred.

¶9      Affirmed.


/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS