FILED

April 29 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 07-0085

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 146

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JOSEPH CORBIN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-06-432
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jim Wheelis, Chief Appellate Defender; David Avery
Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Hon. Mike McGrath, Montana Attorney General;  Mark W.
Mattioli, Assistant Attorney General, Helena, Montana

          Fred Van Valkenburg, Missoula County Attorney; Andrew Paul,
Deputy Missoula County Attorney, Missoula, Montana

Submitted on Briefs:  February 20, 2008

Decided:  April 29, 2008

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court

¶1	Joseph Corbin appeals from the judgment and sentence entered by the Fourth Judicial District Court, Missoula County, on his plea of guilty to the criminal offense of theft, a felony. We affirm.

## BACKGROUND

¶2	Corbin, age 20, entered into a plea bargain agreement with the State of Montana pursuant to which he agreed to plead guilty to felony theft and the State agreed to dismiss a charge of accountability for burglary. The parties jointly agreed to recommend a three-year deferred imposition of sentence together with "[a]ny condition of probation recommended by Probation and Parole, including, but not limited to" a list of ten conditions. Additional "special conditions of probation" also were listed, including restitution.

¶3	The District Court accepted the guilty plea and ordered a presentence investigation report (PSI) which ultimately recommended 26 conditions of probation. During the sentencing hearing in December of 2006, Corbin's counsel objected to a number of the recommended conditions, primarily those relating to alcohol and drugs. He contended the conditions were illegal because they lacked a nexus to Corbin's felony theft offense and were not contained in the plea agreement. Prior to finalizing the conditions of the deferred imposition of sentence, the District Court had Corbin submit to a urinalysis and, based in part on the .045 blood alcohol result, imposed the alcohol- and drug-related conditions. Corbin appeals.

## STANDARDS OF REVIEW

2

¶4    We recently adopted a dual standard of review in cases challenging the legality and/or propriety of probation conditions. *State v. Ashby*, 2008 MT 83, ¶ 9, 342 Mont. 187, ¶ 9, ___ P.3d ___, ¶ 9. We review de novo the legality of a sentencing condition. We then review the reasonableness of the challenged condition to determine whether the sentencing court abused its discretion. *Ashby*, ¶ 9 (citations omitted).

## DISCUSSION

¶5    *Did the District Court err in imposing alcohol- and drug-related conditions as part of Corbin's deferred sentence?*

¶6    Corbin challenges the following conditions imposed by the District Court: 1) that he not possess or use alcohol and not enter bars; 2) that he submit to random testing for drugs or alcohol; 3) that he undergo a mandatory chemical dependency evaluation and follow all resulting recommendations; 4) that he attend AA/NA at the discretion of his probation officer; 5) that he participate in counseling at his probation officer's discretion; and 6) that he not enter casinos if alcohol is the chief item of sale. Because it is undisputed in this case that Corbin's felony theft offense did not involve alcohol or drugs, Corbin contends these conditions—argued only in the aggregate as alcohol/drug-related conditions—are illegal because they have no nexus to the offense. He relies generally on *State v. Ommundson*, 1999 MT 16, 293 Mont. 133, 974 P.2d 620, and, more particularly, on *State v. Greeson*, 2007 MT 23, 336 Mont. 1, 152 P.3d 695, and *State v. Holt*, 2006 MT 151, 332 Mont. 426, 139 P.3d 819, for the proposition that a nexus to the offense is required before this Court will uphold conditions of probation.

3

¶7     We recently expanded the *Ommundson* rule somewhat, however.  In *Ashby,* the defendant pled guilty to one count of issuing a bad check, a felony common scheme.  The sentencing court imposed, among other things and over the defendant's objections, alcohol- and gambling-related restrictions as conditions of a deferred imposition of sentence.  *Ashby*, ¶ 1.  We concluded on appeal that we will uphold conditions of probation "so long as the condition has a nexus to either the offense for which the offender is being sentenced, or to the offender himself or herself."  We also cautioned sentencing courts that, while they could consider an offender's history with alcohol and drugs and impose an alcohol- or drug-related condition if they determined in their discretion that such a condition would assist in alcohol or drug rehabilitation, such offender-related conditions could be imposed "only in those cases in which the history or pattern of conduct to be restricted is recent, and significant or chronic."  *Ashby,* ¶ 15.

¶8     In *Ashby*, nothing of record supported a finding that an alcohol restriction would assist in rehabilitating the offender because there was no evidence that he had a drug or alcohol problem; thus, we reversed the imposition of that condition.  *Ashby*, ¶ 19.  Regarding the gambling-related condition, the record also did not indicate a history of gambling by Ashby; however, it did reveal evidence of considerable financial irresponsibility over a period of years.  On that basis, we upheld the sentencing court's reasonable determination that a prohibition on gambling would help rehabilitate Ashby's financial management abilities.  *See Ashby*, ¶ 21.

¶9 In the present case, as mentioned above, the felony theft offense was not related in any way to alcohol or drug use. Unlike in *Ashby*, however, the PSI here indicated chemical use by Corbin, as well as convictions of the misdemeanor offense of criminal possession of drug paraphernalia in 2004 and 2006. According to Corbin's own report to the probation officer, he began drinking alcohol around age 14, currently drank no more than every third weekend and "mostly smoked pot," which he had also begun around age 14 and continued weekly. Indeed, Corbin related having violated his juvenile probation by having dirty UAs. Corbin's mother, with whom he was living at the time of the offense, believed his chemical use affected him greatly and hoped he would receive treatment. Furthermore, as stated above, Corbin had consumed intoxicants prior to attending his sentencing hearing. Under *Ashby*, this alcohol- and drug-related history and conduct is recent, significant and chronic.

¶10 We also note that, while Corbin does not argue the casino-related condition separately, the District Court tied the prohibition against entering casinos to casinos where "alcohol is the chief item of sale" to clarify that the condition was alcohol-related and not a restriction on gambling. We upheld an alcohol-related casino restriction in *State v. Winkel*, 2008 MT 89, ¶¶ 18-19, 342 Mont. 267, ¶¶ 18-19, ___ P.3d ___, ¶¶ 18-19.

¶11 We conclude the alcohol- and drug-related conditions of Corbin's deferred sentence are legal and are reasonably related to his rehabilitation. Thus, we hold the District Court did not err or abuse its discretion in imposing these conditions.

¶12 Affirmed.

/S/ KARLA M. GRAY

5

We concur:


/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE