DA 12-0578

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 182N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

HARRY PAUL MOTTSMAN,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC 09-253C
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Wade M. Zolynski, Chief Appellate Defender; Eileen A. Larkin, Assistant
                Appellate Defender, Helena, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General; Pamela P. Collins, Assistant
                Attorney General, Helena, Montana

                Ed Corrigan, Flathead County Attorney, Kalispell, Montana

                        Submitted on Briefs:  June 19, 2013
                                    Decided:  July 9, 2013

Filed:

                            _____
                                      Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Harry Paul Mottsman appeals from his July 2012 sentence following his conviction of the offense of felony theft, pursuant to a guilty plea. We affirm.

¶3 The District Court sentenced Mottsman to five years with the Department of Corrections, all suspended, and imposed conditions. One of those conditions was that Mottsman "deal with" outstanding charges against him in three other states. The District Court's written judgment includes the condition that Mottsman "resolve any and all outstanding legal matters to the satisfaction of his Supervising Officer." Mottsman argues on appeal that this condition concerning the charges in other states was illegal and was a violation of both State and Federal law concerning extradition. This Court reviews the legality of sentencing conditions de novo. *State v. Corbin*, 2008 MT 146, ¶ 4, 343 Mont. 211, 184 P.3d 287.

¶4 The District Court had the authority to impose reasonable conditions considered necessary for rehabilitation or for the protection of the victim or society. Sections 46-18-201 and -202, MCA; *State v. Guill*, 2011 MT 32, ¶ 58, 359 Mont. 225, 248 P.3d 826. The presentence investigation report on Mottsman showed that there were theft or forgery

charges, similar to the offense he was charged with in Montana, pending against him in other states.

¶5     Mottsman not only failed to object to the disputed condition in the District Court proceedings, he specifically agreed on the record to the sentence and its conditions, with some exceptions not relevant here. The statutory provisions on extradition that Mottsman relies upon for his argument are not applicable to his case. No other state is seeking Mottsman's extradition, and he agreed to be responsible for resolving the charges outstanding against him in other jurisdictions. Mottsman was represented by counsel at sentencing and did not raise any challenge to the accuracy of the information about pending charges in other states. He has not demonstrated that his rights were infringed. *State v. McLeod*, 2002 MT 348, ¶¶ 23-26, 313 Mont. 358, 61 P.3d 126. The conditions imposed by the District Court were not illegal.

¶6     Because these issues are controlled by settled Montana law, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions.

¶7     Affirmed.


                                        /S/ MIKE McGRATH

We concur:

/S/ BRIAN MORRIS
/S/ LAURIE McKINNON
/S/ JIM RICE