FILED

04/29/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0409

DA 24-0409

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 87

WILLIAM CLARK,

       Petitioner and Appellant,

  v.

STATE OF MONTANA,

       Respondent and Appellee.

APPEAL FROM:   District Court of the Ninth Judicial District,
                In and For the County of Pondera, Cause No. DV-24-08
                Honorable Gregory L. Bonilla, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Carl B. Jensen Jr., Attorney at Law, Great Falls, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Mardell Ployhar,
          Assistant Attorney General, Helena, Montana

          Shari M. Lennon, Pondera County Attorney, Conrad, Montana

                Submitted on Briefs:  February 5, 2025

                           Decided:  April 29, 2025

Filed:

                      _____
                                 Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Appellant William Clark (Clark) appeals from the June 3, 2024 Order on Petition for Release from Registry issued by the Ninth Judicial District Court, Pondera County, denying Clark's Petition for Release from Registry.

¶2 We restate the issue on appeal as follows:

*Did the District Court violate the prohibition against ex post facto laws when it determined Clark was not eligible to be relieved from registration under the 2005 version of the Sexual and Violent Offender Registration Act (SVORA)?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 In 1982, Clark was convicted of eight counts of sexual intercourse without consent (SIWOC). He was designated a dangerous offender and sentenced to 30 years in prison on each count, all to run concurrently. Clark's conviction and judgment were affirmed on appeal. *State v. Clark*, 209 Mont. 473, 682 P.2d 1339 (1984) (*Clark I*). Clark was subsequently paroled. In 2005, pursuant to § 46-23-506(3)(b), MCA, Clark sought to be relieved from the sex offender registration requirement. The district court noted that under *State v. Mount*, 2003 MT 275, 317 Mont. 481, 78 P.3d 829, requiring Clark to register was not an ex post facto violation. Further, the district court denied the motion, concluding registration relief under § 46-23-506(3)(b), MCA, was not available pursuant to § 46-23-506(5)(a)(i), MCA, which precluded such relief if the person was convicted of SIWOC and the victim was compelled to submit by force—finding, based on the statutory definition of force and the trial evidence, the victim was compelled to submit by force. Clark appealed, and this Court affirmed the district court's determination that pursuant to § 46-23-506(5)(a)(i), MCA, Clark was not entitled to registration relief under

2

§ 46-23-506(3)(b), MCA, because the victim was compelled to submit by force. *State v. Clark*, No. DA 07-0171, 2008 MT 149N, 2008 Mont. LEXIS 214 (*Clark II*).[1] This Court noted that

> while Clark correctly asserts that the offenses were charged as 'statutory rapes'—that is, sexual intercourse without consent with a minor—as opposed to sexual intercourse without consent involving force or violence, the language of § 46-23-506(5)(a)(i), MCA, directs the court to the nature of the offense and not the manner in which it was charged.

*Clark II*, ¶ 6.

¶4 On March 20, 2024, Clark again petitioned for relief from sexual offender registration asserting that this Court's determination in *State v. Hinman*, 2023 MT 116, ¶ 24, 412 Mont. 434, 530 P.3d 1271, supported the relief he sought. The State contested, asserting Clark was not eligible for relief from the duty to register under § 46-23-506(5)(a)(i), MCA, because he was convicted of SIWOC and the victim was compelled to submit by force. The State also argued *Hinman* did not entitle Clark to release from the duty to register because *Hinman* explicitly declined to overrule *Mount*, which held that the amendments to the SVORA through 2005 apply retroactively. The District Court denied Clark's petition, concluding Clark "is obligated to maintain his registration for the remainder of his life as is the standard in place . . . prior to the 2007 amendments of the SVORA."

---

[1] We provide the citation for this non-cite opinion, not for its precedential value to other causes, but to provide the procedural history and determination previously made by this Court in one of Clark's prior appeals which bear on this appeal.

## STANDARD OF REVIEW

¶5      We exercise plenary review of constitutional issues, and a district court's decisions on constitutional issues—including alleged violation of the ex post facto clauses of the United States and Montana Constitutions—are reviewed for correctness. *Tipton v. Mont. Thirteenth Jud. Dist. Ct.*, 2018 MT 164, ¶ 9, 392 Mont. 59, 421 P.3d 780. Legislative enactments are presumed to be constitutional, and the party challenging the provision bears the burden to prove beyond a reasonable doubt that it is unconstitutional. *State v. Egdorf*, 2003 MT 264, ¶ 12, 317 Mont. 436, 77 P.3d 517.

## DISCUSSION

¶6      *Did the District Court violate the prohibition against ex post facto laws when it determined Clark was not eligible to be relieved from registration under the 2005 version of the Sexual and Violent Offender Registration Act (SVORA)?*

¶7      Clark argues that this Court's determination in *Hinman* that "the SVORA structure in place since 2007 is punitive and therefore cannot apply retroactively under the ex post facto clause," *Hinman*, ¶ 24, prohibits the State from requiring him to register because doing so would violate the prohibition against the ex post facto application of laws. Contrarily, the State asserts that since *Hinman* did not overrule *Mount*, "it does not prohibit the State from applying the requirements of the 2005 SVORA to offenders like Clark, who cannot be subject to the stricter requirements of the 2007 SVORA or subsequent versions." The State asserts the District Court correctly determined Clark remains subject to the 2005 SVORA registration requirements, which require he register for the remainder of his life.

¶8      To the extent Clark asserts that because *Hinman* determined the 2007 SVORA and subsequent amendments to be punitive they cannot be applied retroactively, we agree. In

4

*Hinman*, we held that offenders—like Clark—who committed their offenses before 2007, cannot be subjected to the 2007 SVORA and subsequent amendments as such would violate the ex post facto prohibition. As the State noted, in *Hinman* we did not overrule *Mount*, which determined that the 2005 SVORA is a civil regulatory scheme that can be applied retroactively because it was not punitive in nature. *Mount*, ¶¶ 48, 101. If the 2005 SVORA continues to apply to Clark, it requires him to permanently register because, although he met the 10-year time period permitting relief from registration under § 46-23-506(3), MCA, he was precluded from that relief pursuant to § 46-23-506(5), MCA, and our holding in *Clark II* since he was convicted of an offense in which the victim was compelled to submit by force.

¶9     In his Reply Brief, Clark asserts that when the Legislature declares an existing statute to be amended, the effect of the amendment repeals the prior version of the statute—thus, once the Legislature amended the 2005 SVORA, that version was repealed and is no longer the SVORA law. Clark, in essence, asserts that although we determined in *Hinman* that the 2007 SVORA and subsequent amendments could not be applied to offenders convicted of sexual or violent offenses prior to the SVORA in place at the time of their respective convictions, we did not invalidate the 2007 SVORA or any amendments thereto. Thus, he asserts the SVORA law did not revert to the law as it stood prior to enactment of the invalid amendment. We do not agree.

¶10     We have previously held:

> [A]n invalidated statute "is in reality no law, but is wholly void, and in legal contemplation is as inoperative as if it has never been passed." *State ex rel. Woodahl v. District Court*, 162 Mont. 283, 290, 511 P.2d 318, 322 (1973).

5

> The "natural effect of this rule is that the invalidity of a statute leaves the law as it stood prior to the enactment of the invalid statute." *Woodahl*, 162 Mont. at 291, 511 P.2d at 322. Thus, under Montana law, when an amended statute is invalidated the statute is left in the same position that it was in before the amendment was introduced. *In re O'Sullivan*, 117 Mont. 295, 304, 158 P.2d 306, 310 (1945).

*Clark Fork Coalition v. Tubbs*, 2016 MT 229, ¶ 40, 384 Mont. 503, 380 P.3d 771. In *Hinman*, we did not completely invalidate the 2007 and subsequent SVORA amendments, but held they cannot be applied retroactively. This in turn invalidated the 2007 amendments only as applied to offenders convicted prior to 2007. Thus, the effect of this invalidity leaves the law as it stood prior to the enactment of the invalid statute, *i.e.*, any offender convicted prior to 2007 must follow the 2005 registration requirements. Under the 2005 SVORA, Clark is required to permanently register because Clark was not entitled to registration relief under § 46-23-506(3)(b), MCA, since the victim was compelled to submit by force. *Clark II*, ¶¶ 5-6. Thus, the District Court did not violate the prohibition against ex post facto laws when it determined Clark was not eligible to be relieved from registration under the 2005 SVORA.

## CONCLUSION

¶11 Affirmed.

/S/ INGRID GUSTAFSON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ KATHERINE M BIDEGARAY
/S/ BETH BAKER
/S/ JIM RICE