FILED

08/26/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0625

DA 24-0625

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 191N

MARK EUGENE BENTON,

       Petitioner and Appellant,

  v.

STATE OF MONTANA,

       Respondent and Appellee.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV-23-1156
Honorable Donald L. Harris, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Mark Eugene Benton, Self-Represented, Shelby, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Mardell Ployhar,
Assistant Attorney General, Helena, Montana

          Scott D. Twito, Yellowstone County Attorney, Victoria Callender,
Deputy County Attorney, Billings, Montana

                     Submitted on Briefs:  July 23, 2025

                             Decided:  August 26, 2025

Filed:

                  _____
                                  Clerk

Justice Katherine Bidegaray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Mark Eugene Benton appeals pro se the October 2024 order of the Montana Thirteenth Judicial District Court, Yellowstone County, dismissing with prejudice his October 2023 petition for postconviction relief (PCR).  We affirm.

¶3     Benton was convicted of felony incest in November 2005, designated a Level 2 sexual offender, and sentenced to a 20-year prison term with 10 years suspended.  In 2016, the court revoked Benton's suspended sentence and sentenced him to a 10-year commitment to the Department of Corrections (DOC) with five years suspended.  In April 2021, while he was serving the revocation sentence, the State charged Benton with failure to register as a sex offender, alleging he had not registered his current address with the Yellowstone County Sheriff's Office, as required under § 46-23-504, MCA (2003), since at least February 2020.

¶4     In August 2022, Benton pleaded guilty pursuant to a plea agreement to failing to register as a sex offender as required.  He was sentenced in December 2022.  In January 2023, the court sentenced Benton on revocation of his 2016 sentence.  Benton later filed several post-judgment motions, including one in October 2023 for "relief from judgment"

pursuant to M. R. Civ. P. 60.[1]  The State filed a response.  The record does not indicate that the District Court formally ruled on these motions, and they are thus presumed denied under M. R. Civ. P. 60(c)(1).  Benton did not appeal (1) his 2022 conviction for failure to register as a sex offender; (2) denial of any of his post-judgment motions; (3) his 2005 conviction for felony incest; or (4) his 2016 or 2023 sentences on revocation.[2]

¶5     Instead, in October 2023, Benton filed a district court petition for PCR asserting that his 2005 conviction for felony incest "put[] him under the 2003 SVORA" (Sexual or Violent Offender Registration Act) and he was therefore only required to register as a sex offender for 10 years.  He alleged that his 2022 conviction for failure to register violated constitutional prohibitions against ex post facto punishments under *State v. Hinman*, 2023 MT 116, 412 Mont. 434, 530 P.3d 1271.  Accordingly, Benton sought relief from what he alleged was an illegal conviction.  Benton's petition did not include any affidavit or supporting documents.  *See* §§ 46-21-103, -104(1)(c), MCA.

¶6     Without any action by the District Court, in May 2024, Benton filed a "Motion for Status Update and Compel an Answer."  In it, Benton alleged arguments not raised in his

[1] This motion, included on appeal here, alleged "fraud on the court" by Probation and Parole officers who Benton said lied about his failure to register as a sex offender, and by Benton's trial counsel, who he said "conspired" with prosecutors to procure his guilty plea.

[2] *See Benton v. Mont. Thirteenth Jud. Dist. Ct.*, No. OP 24-0460, Order (Mont. Aug. 27, 2024); *Benton v. Mont. Thirteenth Jud. Dist. Ct.*, No. OP 24-0565, Order (Mont. Oct. 15, 2024); *Benton v. Godfrey*, No. OP 24-0648, Order (Mont. Nov. 19, 2024); *Benton v. Godfrey*, No. OP 24-0743, Order (Mont. Jan. 14, 2025); *Benton v. State*, No. DA 24-0625, Order (Mont. Feb. 24, 2025); *Benton v. State*, No. DA 24-0625, Order (Mont. Apr. 1, 2025); *Benton v. Mont. State Public Defenders*, No. OP 25-0197, Order (Mont. Apr. 1, 2025); *Benton v. Godfrey*, No. OP 25-0263, Order (Mont. May 20, 2025).  *See also Benton v. Babcock*, No. DA 25-0306 (pending).

October 2023 petition, i.e., that the presiding judge was biased for signing a "perjured" warrant and the prosecutor impermissibly charged him without probable cause. He also requested the court render a decision because it had "sat on" his petition for "200 days." The record does not indicate that this motion was served.

¶7 While his PCR petition was pending in district court, Benton petitioned this Court for a writ of supervisory control in September 2024. Benton alleged he was illegally prosecuted and convicted for failure to register as a sex offender because, under *Hinman*, his "duty to register . . . expire[d] ten years after the initial date of registration." OP 24-0565, Order (Mont. Oct. 15, 2024). This claim was the basis for his other asserted claims of ineffective assistance of counsel (IAC) and prosecutorial misconduct. He asked, among other things, that we vacate his 2022 conviction for failure to register. Notwithstanding the District Court's delay in deciding the matter, we declined to exercise supervisory control and noted that Benton could appeal the court's decision whenever it issued.[3]

¶8 In October 2024, the District Court dismissed Benton's petition without State response or a hearing pursuant to § 46-21-201(1)(a), MCA (authorizing discretionary summary dismissal where "the petition and the files and records of the case conclusively

---

[3] Also, while this appeal was pending but before any briefing was filed, Benton filed an "Addendum to Request for New Trial" with this Court wherein he asked that we "recognize" our holding in *State v. Sedler*, 2020 MT 248, 401 Mont. 437, 473 P.3d 406, that the petition process for relief from the offender registration requirement was unconstitutional. DA 24-0625, Order (Mont. Feb. 24, 2025). *Sedler* dealt with registration requirements for *violent* offenders, not sexual offenders like Benton, and is inapplicable here.

4

show that the petitioner is not entitled to relief"). The court first determined that Benton's petition was procedurally insufficient because it was unverified and did not contain any supporting affidavit or evidence establishing grounds for relief. *See* §§ 46-21-103, -104, MCA (petition requirements). As such, Benton was not entitled to an evidentiary hearing. *See* § 46-21-201(1)(a), MCA; *Herman v. State*, 2006 MT 7, ¶ 49, 330 Mont. 267, 127 P.3d 422. The court also determined that Benton was not entitled to relief on the merits because, although *Hinman* prohibited retroactive application of the 2007 SVORA requirements, the requirements that he maintain registry for life and regularly update his address preexisted the amendments at issue in *Hinman* and applied to him. The District Court dismissed Benton's petition with prejudice.

¶9      We review a district court's denial of postconviction relief for clearly erroneous factual findings and correctness of its legal conclusions. *Griffin v. State*, 2003 MT 267, ¶¶ 7-10, 317 Mont. 457, 77 P.3d 54. Constitutional claims, including ex post facto challenges, are reviewed de novo. *Hinman*, ¶ 12.

¶10     Here, the State contends that the District Court correctly dismissed Benton's petition for numerous reasons. First, the State asserts that Benton waived his PCR claims by pleading guilty. We agree that, because Benton entered an unconditional guilty plea to the failure-to-register charge, he waived any non-jurisdictional defects or constitutional challenges to that conviction, including his ex post facto claim. *See State v. Pavey*, 2010 MT 104, ¶ 11, 356 Mont. 248, 231 P.3d 1104. Second, the State asserts that Benton's petition was procedurally barred because he did not appeal his 2022 conviction. We agree. Section 46-21-105(2), MCA, bars PCR claims that could have been raised on direct appeal,

5

and we have consistently applied this bar to prevent defendants from substituting postconviction proceedings for direct review. *See* §§ 46-21-101(1), -105(2), MCA; *State v. Osborne*, 2005 MT 264, ¶¶ 14, 19-20, 329 Mont. 95, 124 P.3d 1085.

¶11    Finally, the State contends that, under the applicable 2003 SVORA, Benton was required to regularly report his address for life, which he failed to do. *See* § 46-23-506(1), MCA (2003).[4] We agree with the State that Benton was required to regularly register as a sex offender for life under §§ 46-23-504 through -507, MCA (2003). *Accord State v. Mount*, 2003 MT 275, ¶¶ 55-56, 72-74, 87, 101, 317 Mont. 481, 78 P.3d 829; *State v. Clark*, 2025 MT 87, ¶ 10, 421 Mont. 429, 567 P.3d 941. This means Benton was required, following his November 2005 incest conviction, to keep the State regularly apprised of his current address and notify the State of any change of address. *See* §§ 46-23-504, -505, MCA (2003). Although these registration requirements existed at the time of, and applied to, Benton's 2005 felony incest conviction, Benton failed to register after February 2020. Unlike in *Hinman*, the State did not charge Benton for failing to register as a sex offender under any ex post facto law and therefore *Hinman* is not applicable here. *See Hinman*, ¶¶ 24-26 (*2007 SVORA amendments* could not apply retroactively). Accordingly, Benton was not entitled to relief from his 2022 conviction and the District Court thus correctly dismissed his PCR petition with prejudice.

---

[4] *See also* § 46-23-506(3) and (5), MCA (2003) (providing that an offender may petition for relief from the mandatory registration requirement upon certain conditions and with certain exceptions).

¶12 Benton raised his claim of prosecutorial misconduct for the first time in his May 2024 district court "Motion for Status Update and Compel an Answer." Even if we liberally construe this motion as an amended PCR petition under § 46-21-105, MCA, Benton's prosecutorial misconduct claim is procedurally barred under § 46-21-105(2), MCA, because it could have been raised on direct appeal. Benton's ineffective assistance of counsel claim, raised for the first time in his appellate reply brief, is likewise barred because it was untimely presented and because it could have been raised in a direct appeal from his conviction.[5] *See* § 46-21-105(2), MCA. Moreover, Benton's claims of IAC and prosecutorial misconduct in any event fail on their merits because his 2022 conviction for failing to register as a sex offender was not illegal.

¶13 We decide this case by memorandum opinion pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶14 Affirmed.

/S/ KATHERINE M BIDEGARAY

We Concur:

/S/ CORY J. SWANSON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE

---

[5] Benton asserts he raised an IAC claim in his "Motion for Status Update and Compel an Answer," but this is not so. Arguably, he raised IAC in a post-judgment motion following his 2022 conviction, but Benton did not appeal the denial of any post-judgment motions and did not appeal that conviction. Finally, while he arguably raised IAC in his petition for a writ of supervisory control, Benton never presented the issue to the District Court in postconviction proceedings and we will not consider it on appeal.