FILED

03/24/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0056

DA 25-0056

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 58

STATE OF MONTANA,

      Plaintiff and Appellant,

  v.

DANIEL SANTOS PRATT,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Butte-Silver Bow, Cause No. DC-24-184
Honorable Robert Whelan, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Austin Knudsen, Montana Attorney General, Mardell Ployhar, Assistant Attorney General, Helena, Montana

            Matt Enrooth, Butte-Silver Bow County Attorney, Kaitlyn Lamb, Deputy County Attorney, Butte, Montana

      For Appellee:

            Tammy A. Hinderman, Appellate Defender Division Administrator, Jeff N. Wilson, Assistant Appellate Defender, Helena, Montana

Submitted on Briefs:  March 11, 2026

Decided:  March 24, 2026

Filed:

                                                    Clerk

Justice Katherine M. Bidegaray delivered the Opinion of the Court.

¶1 The State appeals from an order of the Second Judicial District Court, Butte-Silver Bow County, dismissing its prosecution of Daniel Santos Pratt for failure to register as a sexual offender. The District Court concluded that retroactive application of the Sexual or Violent Offender Registration Act (SVORA) violated the Ex Post Facto Clause of the Montana Constitution and Pratt's rights under the Restoration of Rights Clause. We address the following restated issue:

> *Whether the District Court erred in dismissing the charge where the State prosecuted Pratt under the 2023 Sexual or Violent Offender Registration Act, which cannot constitutionally be applied retroactively to a defendant whose conviction predates the 2007 amendments.*

Because the State charged Pratt under the 2023 version of SVORA—a statutory scheme this Court has held is punitive and may not be applied retroactively to defendants whose convictions predate its enactment—we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Pratt was convicted in Oregon in 2001 of attempted unlawful sexual penetration in the first degree and sexual abuse in the second degree. His Oregon sentence included a term of incarceration followed by a period of probation, which fully terminated in 2014. At the time of his Oregon conviction, Oregon law required Pratt to register as a sexual offender.

¶3 In 2016, Pratt moved to Montana and registered as a sexual offender. He remained registered for several years. In August 2023, the Montana Department of Justice mailed an address-verification form to Pratt's last reported address. The mailing was returned as

2

undeliverable.  In September 2023, Pratt left a voicemail with the Department reporting a new address, but he did not appear in person to update his registration.

¶4      On June 24, 2024, the State sought leave to file an Information charging Pratt with failure to register as a sexual offender.  The application for leave expressly alleged that Pratt violated §§ 46-23-504(1) and -507, MCA (2023).  The supporting affidavit similarly relied on duties imposed by the current version of SVORA, including in-person reporting requirements.  The Information itself charged Pratt with "FAILURE TO REGISTER, a felony, in violation of § 46-23-504(1) and § 46-23-507, MCA."  The charging documents were never amended to allege a violation of any prior version of SVORA.

¶5      Pratt moved to dismiss, arguing that retroactive application of the 2023 SVORA violated the Ex Post Facto Clause of Article II, Section 31, of the Montana Constitution under this Court's decision in *State v. Hinman*, 2023 MT 116, 412 Mont. 434, 530 P.3d 1271.  Pratt further argued that continued application of SVORA violated the Restoration of Rights Clause of Article II, Section 28(2), of the Montana Constitution.  The District Court granted the motion and dismissed the prosecution.  The State appealed.

## STANDARD OF REVIEW

¶6      We review de novo a district court's ruling on a motion to dismiss.  *State v. Torgeson*, 2008 MT 295, ¶ 17, 345 Mont. 415, 191 P.3d 448.  Constitutional questions are reviewed for correctness.  *State v. Lamoureux*, 2021 MT 94, ¶ 10, 404 Mont. 61, 485 P.3d 192.  Statutes are presumed constitutional, and the party challenging a statute bears the burden of proving unconstitutionality beyond a reasonable doubt.  *State v. Jensen*, 2020 MT 309, ¶ 9, 402 Mont. 231, 477 P.3d 335.

3

## DISCUSSION

¶7 *Whether the District Court erred in dismissing the charge where the State prosecuted Pratt under the 2023 Sexual or Violent Offender Registration Act, which cannot constitutionally be applied retroactively to a defendant whose conviction predates the 2007 amendments.*

**The Applicable Version of SVORA Controls the Analysis**

¶8 The threshold question in this case is not whether some version of SVORA *could* constitutionally apply to Pratt, but which version of SVORA the State actually charged. That question is dispositive. The State's charging documents expressly relied on the 2023 version of SVORA. The application for leave to file the Information alleged a violation of §§ 46-23-504(1) and -507, MCA (2023). The supporting affidavit likewise referenced duties imposed by the current statute, including in-person reporting requirements that do not exist in earlier versions of SVORA.

¶9 A criminal charge must state the statute the defendant is alleged to have violated. Section 46-11-401(1), MCA. While the State argues on appeal that Pratt's conduct would also violate earlier versions of SVORA, the State never amended the Information to allege violations of the 1999 or 2005 versions of the Act. Courts may not affirm a criminal prosecution based on statutory provisions the State did not plead. *See State v. Mosby*, 2022 MT 5, ¶¶ 28-29, 407 Mont. 143, 502 P.3d 116 (holding that defects in charging must be addressed through proper procedural mechanisms, not post-hoc justification).

**Retroactive Application of the 2023 SVORA Is Prohibited Under *Hinman***

¶10 In *Hinman*, this Court held that "the SVORA structure in place since 2007 is punitive and therefore cannot apply retroactively under the ex post facto clause." *Hinman*,

4

¶ 24. We expressly distinguished the post-2007 statutory scheme from earlier versions addressed in *State v. Mount*, 2003 MT 275, 317 Mont. 481, 78 P.3d 829, and declined to sever individual provisions, concluding instead that the modern scheme must be evaluated "in totality." *Hinman*, ¶¶ 24-26. This Court held that the post-2007 SVORA, evaluated in totality, is punitive in effect.

¶11    Pratt's convictions predate the 2007 amendments to SVORA. Because the State charged Pratt under the 2023 SVORA, applying that statute to him is retroactive. Under *Hinman*, such application is unconstitutional.

¶12    The State contends that dismissal is unwarranted because Pratt's conduct would also violate the 1999 or 2005 versions of SVORA, which the State asserts remain constitutionally enforceable under *Mount* and *State v. Clark*, 2025 MT 87, 421 Mont. 429, 567 P.3d 941. Even assuming that proposition is correct, it does not cure the defect in this prosecution. While *Clark* confirms that the State may, in appropriate cases, prosecute a defendant under the 2005 version of SVORA, it does not permit a court to uphold a prosecution based on a statute the State did not charge. The State did not charge Pratt under those versions, nor did it amend the Information to do so. The constitutional infirmity lies in the specific statutory application the State invoked.

¶13    Where the State prosecutes a defendant under an unconstitutional statutory application, dismissal is the proper remedy. *Hinman*, ¶ 27. The District Court therefore did not err in dismissing the charge.

5

**Restoration-of-Rights Arguments Are Not Reached**

¶14 Because the prosecution fails on ex post facto grounds, we do not reach Pratt's arguments under Article II, Section 28(2), of the Montana Constitution or § 46-18-801(2), MCA. We note that Pratt's Oregon sentence fully terminated in 2014, and he argues his rights were thus fully restored prior to these charges. However, courts should avoid unnecessary constitutional adjudication. *See Wagner v. State*, 2004 MT 31, 319 Mont. 413, 85 P.3d 750.

¶15 Our decision is limited to the statute actually charged and the constitutional prohibition against retroactive application of the post-2007 SVORA. We express no opinion on whether earlier versions of SVORA may be constitutionally applied to Pratt or whether the State may initiate a new prosecution under a different statutory framework.

## CONCLUSION

¶16 Because the State charged Pratt under the 2023 Sexual or Violent Offender Registration Act, and because this Court has held that the post-2007 SVORA is punitive and may not be applied retroactively to defendants whose convictions predate its enactment, the District Court did not err in dismissing the prosecution. The order of dismissal is affirmed.

¶17 Affirmed.

/S/ KATHERINE M. BIDEGARAY

We Concur:

/S/ INGRID GUSTAFSON
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA

Chief Justice Cory J. Swanson, dissenting.

¶18 I dissent from the Opinion because it mistakenly affirms the District Court's overly-broad dismissal order. The error appears to be premised upon the State's correct and necessary citation to the current Sexual or Violent Offender Registration Act (SVORA), which lawfully incorporates and continues registration requirements imposed at the time of Pratt's offense.

¶19 Daniel Pratt committed a sexual offense in 2000 and was convicted in 2001 in Oregon. As part of his sentence and judgment he was required to register as a sexual offender for life. His registration requirements in Oregon included notice that if he moved out of the State, he would have to contact the appropriate agency in the receiving state to comply with that state's registration requirements. Before Pratt moved from Oregon, he was twice convicted of failing to comply with registration requirements there.

¶20 Pratt moved to Butte in 2016, completed the sex offender registration sign-up, and acknowledged he would have to register for the rest of his life unless relieved of that duty by a court order. Pratt fulfilled his annual registration requirements each year from 2017 to 2022. In November 2022, Pratt reported in person to the Butte-Silver Bow County Sheriff's Office and provided a current address in Butte. The Montana Department of Justice mailed an address confirmation to Pratt at that address in August 2023, and Pratt failed to return it. It was returned to the agency with a notice "MOVED LEFT NO ADDRESS UNABLE TO FORWARD." A month later, Pratt left a voicemail at DOJ with his new address. Agent Johnson of the Division of Criminal Investigation called Pratt back and left him a voicemail saying that he was required to report his new address to the

7

Butte-Silver Bow law enforcement office. Pratt never did so, either in person or by mail. Agent Johnson visited Pratt's last-reported address, and neighbors informed him Pratt had moved five months previously, and new tenants now resided there.

¶21 The above sequence of events led the State to charge Pratt with violating SVORA's registration requirements as imposed by his sentence and judgment, which he acknowledged in writing that he must obey. These were not new requirements under the 2023 SVORA, these were requirements in place when Pratt committed his offense in 2000 under Oregon and Montana law, as well as the subsequent non-punitive Montana legislative amendments.

¶22 The Opinion errs in determining that since the law cited in the State's charging documents references 2023, it must be applying a post-2007 version of SVORA in an unconstitutional ex post facto manner. That is not the case. The State charged Pratt with violating a 2005 registration requirement, which is still in effect and codified under the 2023 SVORA, as it must be, to still be a current registration duty for Pratt. Even if any portion of the State's charges attempted to apply a post-2005 law to Pratt, the correct remedy is to excise that portion of the charges, not to throw out the entire case.

¶23 We examined Montana's scheme for registration of sexual and violent offenders in *Mount*, and we held the 2001 SVORA did not violate the ex post facto clause of the Montana or United States Constitutions. *Mount*, ¶ 90. We later held in *Hinman*, ¶ 26, the 2007 version of SVORA was punitive, and therefore could not be applied retroactively to prior convictions. We noted an important limitation to this holding. First, we recognized the SVORA's severability clause, which stated if any part of SVORA was invalid, the

8

remaining valid portions were severed from the invalid part and were still enforceable. 2007 Mont. Laws ch. 483, § 29. We also declined to overrule our holding in *Mount* that earlier, non-punitive versions of SVORA could be applied retroactively. *Hinman*, ¶ 26 (citing *Mount*, ¶ 36).

¶24 When applied to Pratt's charges, it is clear the State lawfully charged him with violating a registration duty that was originally imposed by Oregon upon his conviction in 2001, and was lawfully imposed upon him by Montana laws in effect in 1999 (the laws in effect when he committed his qualifying offense) and 2005 (the latest version of SVORA that can be applied retroactively). Pratt was required to annually confirm his address, verified by a notarized signature, and then return the verification form to the Department of Justice within ten days of receiving it in the mail. Section 46-23-504(4), MCA (1999); § 46-23-504(4)(a)(ii), (b), MCA (2005). He was also required to update his registration within 10 days of changing his address. Section 46-23-505, MCA (1999); § 46-23-505, MCA (2005). The State alleges Pratt failed to do so. This allegation supports a failure to register charge under the laws in effect at the time of Pratt's conviction or as lawfully retroactively applied to him.

¶25 The Opinion gets hung up on the fact that the State charged Pratt citing the 2023 version of Montana's SVORA. Opinion, ¶¶ 8, 12. But this is necessary. The State must cite the law in effect at the time of the alleged registration violation—in this case failure to register in 2023—limited by the statutory requirements lawfully applied to the offender. Excising references to the irrelevant provisions of the 2023 SVORA, the Affidavit remains

9

sufficient to support probable cause that Pratt violated the requirements to which he remained subject.

¶26 Here, the State appears to have over-asserted Pratt's duties to remain current in his registration. Agent Johnson instructed him he had to report address changes within three days, when the law applicable to Pratt allowed 10 days. Agent Johnson also told Pratt he had to update his registration in person, when the law applicable to Pratt permitted him to do so by mail. As the State concedes, if those were the charged violations, Pratt would not have violated the law applicable to him, and the case would be rightly dismissed.

¶27 But the State's charges hold up under the scrutiny described above. The Information alleges Pratt committed the criminal offense of:

> FAILURE TO REGISTER, a felony, contrary to the statutes of Montana as specified in § 46-23-504 and 46-23-507, MCA, in that the above-named Defendant, being a sexual offender as defined in § 46-23-502, committed the offense of FAILURE TO REGISTER by knowingly failing to register and/or verify registration and failed to keep registration current.

That recitation of the offending conduct and notice of the charge does not constitute an ex post facto violation. The State alleged Pratt failed to keep his registration current (when he changed residences), and he failed to (annually) register as required by § 46-23-504, MCA. The offending conduct, if true, violates Pratt's registration duty as imposed by the law when he committed his qualifying offense, and which remains part of his registration duty under current law.

¶28 If the State alleged violations that implicated post-2007 laws, the correct remedy is to excise those portions of the allegations and allow the prosecution to proceed under 2005 or earlier requirements. *Hinman*, ¶ 26. It is not clear from the record whether the State's

10

charging documents were overinclusive, based on the alleged failure to update and register in violation of § 46-23-504, MCA, cited in the Information. But the District Court's wholesale dismissal on the grounds of ex post facto violation and constitutional restoration of rights violation is clearly an error.

¶29 I would reverse the District Court's dismissal and reinstate the Information. If the State has alleged any registration violations based upon a 2007 or later statute, the District Court may conduct proceedings to examine and excise them, or grant the State leave to amend its charging documents accordingly.

¶30 Due to its resolution of the case on the first issue, the Opinion did not reach the State's second argument, that the District Court erred in holding continued registration violated Pratt's restoration of rights under Article II, Section 28(2), of the Montana Constitution. If we were to reach that issue, I would continue to follow this Court's holdings in *Mount*, ¶¶ 95-100, and *Wagner v. State*, 2004 MT 31, ¶ 16, 319 Mont. 413, 85 P.3d 750 (non-applicable dicta overruled by *State v. Azure*, 2008 MT 211, ¶ 17, 344 Mont. 188, 186 P.3d 1269), that registration as a sexual or violent offender does not violate Pratt's restoration of his civil or political rights under the Montana Constitution.

/S/ CORY J. SWANSON

Justices Beth Baker and Jim Rice join the Dissenting Opinion of Chief Justice Cory J. Swanson.

/S/ BETH BAKER
/S/ JIM RICE